**UNITED STATES of America,**
**Appellee,**

v.

**Carl GRAZIANE, Defendant-Appellant.**

**No. 384, Docket 29745.**

United States Court of Appeals
Second Circuit.

Argued March 23, 1967.

Decided April 19, 1967.

John M. McGillicuddy, New York City, for appellant.

George B. Burke, Asst. U. S. Atty., Albany, N. Y. (Justin J. Mahoney, U. S. Atty. for Northern District of New York, Albany, N. Y., on the brief), for appellee.

Before MOORE and HAYS, Circuit Judges, and DOOLING,* District Judge.

PER CURIAM:

Hoping to salvage his upstate New York dairy farm from bankruptcy, Karl L. Skoog secured a substantial loan from the Farmers' Home Administration (FHA) and in turn executed a chattel mortgage to the FHA covering his entire dairy herd and his farm machinery. Unfortunately, the loan was insufficient to halt the farm's demise, and within several months, in the Fall of 1960, the herd was dry, available feed was low and the prospects for a healthy winter were dim. In December 1960, the situation was desperate and Skoog, without securing FHA permission, engaged appellant Graziane, a cattle auctioneer, to dispose of the herd. Appellant sold the herd and was subsequently tried and convicted of knowingly disposing of property mortgaged to the FHA in violation of 18 U.S.C. § 658. In appealing to this Court, appellant contends (1) that, although he admittedly knew of the FHA mortgage when he was engaged by Skoog, the evidence below showed that he had conducted the sale under the impression that Skoog had FHA permission to dispose of the herd, and (2) that he was denied a fair trial when the government developed the fact on Skoog's direct examination that Skoog had pleaded guilty to the charge of wrongfully disposing of his herd.

There was clearly sufficient evidence to support appellant's conviction. The government developed below that the cattle were removed from the Skoog farm in the dead of night with the truck lights off; the auction was not held at appellant's normal place of business, but at distant markets; the checks representing the proceeds of the sale were divided and cashed under slightly suspicious circumstances; appellant kept inadequate records of the sale; and finally, after the sale, appellant gave false answers to an FHA administrator enquiring as to the whereabouts of the Skoog herd. Appellant's exculpating explanations of these facts were apparently rejected by the jury, which plainly had the right to do so.

It was not improper for the government to elicit on direct examination the fact that Skoog had pleaded guilty. The jury was correctly instructed that they could not draw an inference of appellant's guilt from the fact of Skoog's guilty plea. See United States v. Aronson, 319 F.2d 48, 51–52 (2d Cir.), cert. denied, 375 U.S. 920, 84 S.Ct. 264, 11 L.Ed.2d 164 (1963).

Affirmed.

* Sitting by designation, from the Eastern District of New York.