UNITED STATES of America,
Appellee,

v.

Frank DEL PURGATORIO, Appellant.

No. 290, Docket 32896.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1969.

Decided May 28, 1969.

Herbert S. Siegal, New York City, for appellant.

James D. Zirin, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, and Lars I. Kulleseid, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge:

Frank Del Purgatorio (appellant) appeals from a judgment of conviction by jury verdict. He was tried on only two counts (Counts 19 and 24) of an indictment containing 37 counts against 17 defendants. With him was tried Jose Marrero charged with conspiracy (Count 19) and with the possession (Count 23) of merchandise stolen pursuant to the Count 19 conspiracy. Count 19 alleged a conspiracy commencing in July 1964; Count 24 a conspiracy commencing in September 1964; each continuing to the filing of the indictment (July 1965). Appellant was convicted on both Counts 19 and 24; Marrero was acquitted on Count 19 and convicted on Count 23. Marrero does not appeal.

Appellant asserts five points of error, (I) inadequate evidence of guilt, requiring the granting of the motion for acquittal; (II) introduction of testimony of Frances Wieseltier, an unmarried lady being kept by appellant; (III) introduction of a conversation between appellant and a co-conspirator antedating the conspiracies by almost a year; (IV) introduction during the Government's direct examination of the co-conspirator that he had pleaded guilty; and (V) the joint trial with Marrero.

The evidence was sufficient for jury resolution, the testimony objected to properly received; and the joint trial justified. Therefore, the judgment of conviction is affirmed.

### The Indictment

Count 19 in substance charged appellant, Betancourt, Marrero and four others with a conspiracy to steal goods from motortrucks in interstate commerce and to have such goods in their possession. 18 U.S.C. § 659. The conspiracy was alleged to have commenced in July 1964.

Count 24 charged appellant, Betancourt and two others, plus a co-conspirator not indicted, with the same unlawful activities.

Count 23 involved only Marrero and was for the substantive offense of unlawful possession.

### I. The Evidence

█ The appellant contends that the evidence of two isolated sales is insufficient as a matter of law to sustain the convictions of conspiracy. The testimony and evidence at trial disclosed the following facts about the alleged conspiracies.

In late 1963 appellant purchased some stolen children's clothes from Betancourt, who was a hijacker of merchandise. At this time appellant indicated to Betancourt that he was interested in any future transaction and gave Betancourt a telephone number (the "DA 8" number) to call when he had more goods to sell.

In July 1964 Betancourt and an accomplice hijacked a truck in interstate commerce and the same day drove it to a store in Manhattan where they tried to sell its contents. These efforts proved unsuccessful. After storing the goods in New Jersey, the next day Betancourt called appellant at the number appellant had given him in late 1963 and inquired whether he was interested in purchasing some merchandise. Appellant expressed interest and thereafter purchased goods valued at approximately $400, paying Betancourt $90. Marrero also purchased $600 worth of goods from the same hijacking for $160. Some of the stolen clothing was discovered in Marrero's store in January 1965, and Marrero admitted that he had purchased this clothing from Betancourt. These facts constituted the basis for Count 19.

In September 1964 Betancourt and a different accomplice were successful in hijacking another truck in interstate commerce and in due course contacted appellant at the "DA 8" telephone number he had called in July. Appellant again purchased $400 worth of merchandise, this time paying $96. These facts constituted the basis for Count 24. ·

Although appellant asserts that there were only two isolated purchases, it is apparent that he knowingly associated himself with a hijacking operation which involved "fences" other than himself. Moreover, contact and tentative arrangements were made prior to any of the hijackings. The conversation in 1963 when appellant expressed his desire to purchase stolen goods and arrangements were made on a telephone number to be used so that appellant could be contacted when loot was available were essential parts of the successful operation of the conspiracy. Thus the jury had ample basis for finding that appellant was involved in an operation going beyond two isolated purchases of stolen merchandise.

II. *The Testimony of Frances Wieseltier*

■ Appellant contends that the testimony of his mistress, Frances Wieseltier, was offered by the Government because he had a meretricious relationship with her and "for the sole purpose" of disparaging his character at a time when his character was not in issue. However, the Government asserts that this contention is frivolous because her "testimony was highly probative corroboration of Betancourt's story that [appellant] had told [him] to contact him by means of the 'DA 8' number." According to Wieseltier's testimony, the "DA 8" number belonged to her mother with whom she and appellant visited frequently in 1964.

The importance of this telephone number was underscored when on cross-examination appellant admitted receiving telephone messages at the "DA 8" number during 1964. Yet appellant denied ever having purchased anything from Betancourt or ever having given him the "DA 8" number to call when he had goods to sell. The probative value of the Wieseltier testimony, therefore, far outweighed the possible prejudice to appellant which might arise as to the nature of his relationship with the witness. United States v. Kompinski, 373 F.2d 429, 432 (2d Cir. 1967). Moreover, no objection was made at trial and appellant is precluded from raising it on appeal. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

III. *Introduction of a Conversation Antedating the Conspiracies*

■ Appellant asserts that it was prejudicial error to admit testimony of the conversation between Betancourt and appellant which occurred in late 1963 when he was alleged to have given the "DA 8" number to Betancourt. Appellant claims that such conversation took place before the conspiracies charged in the indictment and "was far too remote in time." While it may have been better had the indictment charged a *single* conspiracy beginning in late 1963, the conversation was nonetheless admissible because it was relevant to show the beginning of appellant's involvement in the

criminal enterprise and his state of mind at the time. United States v. Compagna, 146 F.2d 524, 530 (2d Cir.), cert. denied 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1944), reh. denied 325 U.S. 892, 65 S.Ct. 1084, 89 L.Ed. 2004 (1945); cf. United States v. Kennedy, 291 F.2d 457, 459 (2d Cir. 1961). Moreover, the conversation in 1963 was relevant to the 1964 conspiracies because of the reference to the "DA 8" telephone number, as an explanation of the number's origin and significance.

IV. *Introduction by the Government of Testimony by Co-conspirators That They Had Pleaded Guilty to the Conspiracy Charge*

The appellant contends, without citing authority, that the Government's eliciting from Betancourt and one of his accomplices that they had already pleaded guilty to the conspiracy counts on which appellant was being tried, and that they were then awaiting sentence, denied him due process of law. Betancourt testified that he had pleaded guilty to Counts 19 and 24 and his accomplice, Pizzaro, testified that he had also pleaded guilty, but only to Count 19. In addition, each disclosed that they were presently awaiting sentence.

 We have held, however, that the Government on direct examination may bring out information damaging to its witnesses' credibility, including evidence of their criminal records, provided the jury is cautioned that the testimony is not evidence of the defendant's guilt. United States v. Graziane, 376 F.2d 258 (2d Cir. 1967); United States v. Freeman, 302 F.2d 347 (2d Cir. 1962), cert. den. 375 U.S. 958, 84 S.Ct. 448, 11 L.Ed. 2d 316 (1963). This is to prevent the defense from creating a misleading impression, or the jurors from thinking, that the Government is seeking to keep something from the jury. In the instant case, there were two limiting instructions given by the trial court, and we hold that these adequately prevented any possible prejudice to the defendant.

V. *Joinder of Appellant and Co-defendant Marrero*

 Lastly, appellant contends, for the first time on appeal, that joinder of co-defendant Marrero denied him a fair trial. No motion for a severance, mistrial or other objection to the joinder was made in the Court below. The original indictment named seventeen defendants and, on July 30, 1968, the Government moved to sever all counts except 19, 23 and 24. Appellant and his counsel, present in court at the time, raised no objection either then or during trial as to the severance and joinder with Marrero.

Appellant and Marrero were charged as co-conspirators in Count 19 relating to the July conspiracy. Their joinder was therefore proper. Clearly there was sufficient evidence for the jury to conclude that both Marrero and appellant knew that Betancourt had more to sell than each was buying for his own purposes and that other "fences" were essential for the successful disposition of the hijacked merchandise.

 The appellant contends that cartons of clothing seized in Marrero's store and introduced in evidence were "prominently displayed before the jury," although there was no connection between appellant and the cartons found in Marrero's possession. However, this evidence was admitted solely against Marrero on Count 23 and not against appellant. This was made amply clear to the jury by the trial court at the time the evidence was admitted.

Because of the simplicity of the facts and the clear instructions of the trial court, it cannot be successfully contended that the jury could have been confused as to the purpose for which the evidence was introduced or that, on that basis, appellant should have been severed from Marrero. Furthermore, no objection to joinder was made below and such an objection on appeal is foreclosed. United States v. Indiviglio, *supra*.

The judgment of conviction is affirmed.