532 P.2d 155

**John Thomas ULIN, Petitioner,**

v.

**Honorable Marilyn A. RIDDEL, Judge of the Superior Court for Maricopa County and the STATE of Arizona, Real Party in Interest, Respondent.**

**No. 11944.**

Supreme Court of Arizona,
In Banc.

Feb. 27, 1975.

Paul Broadwell, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by George B. Mount, Deputy County Atty., Phoenix, for respondent.

STRUCKMEYER, Vice Chief Justice.

In this special action, petitioner, John Thomas Ulin, seeks to have The Honorable Marilyn A. Riddel, Judge of the Superior Court of Maricopa County, Arizona, prohibited from permitting the County Attorney to ask certain questions in a criminal proceeding. Petitioner's prayer for relief is granted.

The petitioner, on trial in the Superior Court, was charged with murder and aggravated assault. Prior to the commencement of his trial, he was examined pursuant to Rule 11, Rules of Criminal Procedure, 17 A.R.S., by two medical experts to determine whether he was incompetent to stand trial as a result of mental illness or defect. The examining physicians duly forwarded their reports to the Superior Court. Therein certain admissions were contained concerning the guilt of petitioner elicited through conversations with him. The Superior Court forwarded copies to the County Attorney of Maricopa County. At petitioner's trial, a deputy county attorney sought to cross-examine petitioner concerning information which could only have been secured from the reports of the medical experts. Petitioner's counsel objected to this line of cross-examination. The Honorable Marilyn A. Riddel, Judge of the Superior Court, overruled petitioner's objections.

Petitioner argues here that his constitutional rights against self-incrimination will be violated and that he will be denied due

process of law under the Constitution of the United States, Fourteenth Amendment. We think however, the matter can be resolved on a simpler basis.

A.R.S. § 13-1621 provides that a person shall not be tried, convicted or punished for a public offense while as a result of mental illness or defect he is unable to understand the proceedings against him or to assist in his own defense. It further provides that the Superior Court may appoint medical experts to examine the defendant and hold a hearing regarding the defendant's mental condition, and that the medical experts shall file reports. Subsection J of A.R.S. § 13-1621 provides as follows:

"* * * Information obtained from the defendant under these provisions shall not be used against him at any trial in which his guilt or innocence is to be determined, unless the defendant consents. As amended Laws 1968, Ch. 105, § 1."

And *see* A.R.S. 13, Rules of Criminal Procedure, Rule 11.7(b).

The statute is unconditional. Information obtained from a defendant shall not be used against him at *any* trial in which his guilt or innocence is to be determined unless he consents. The legislative policy here is to ensure the complete cooperation of a defendant in order that the medical experts will have sufficient information upon which to formulate a reliable diagnosis. This policy outweighs considerations of subsequent usefulness.

For the foregoing reasons, it is ordered that petitioner's prayer for relief is granted, and The Honorable Marilyn A. Riddel is prohibited from enforcing her order overruling the petitioner's objections to the use of the information acquired from the medical experts' reports.

CAMERON, C. J., and LOCKWOOD and HAYS, JJ., concurring.

HOLOHAN, Justice (dissenting).

The construction placed on A.R.S. § 13-1621(J) by the majority is, in my judgment, too narrow. The section should be construed to mean that the information cannot be used for the purpose of establishing guilt, but the section does not forbid the use of the information to impeach the defendant when he takes the stand.

The state sought to impeach the testimony of the defendant given on direct examination by showing that his testimony was different than the statement he made to one of the medical examiners. The state argued that the statute did not prevent use of the statements to medical examiners for impeachment purposes when the defendant elected to take the stand. The state argued that the situation was analogous to that in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). The trial court agreed with the position of the state, and I believe properly so.

In *Harris* the U. S. Supreme Court allowed a statement, unlawfully obtained, to be used for impeachment purposes when the defendant took the stand. This Court has approved the *Harris* holding in State v. Altman, 107 Ariz. 93, 482 P.2d 460 (1971).

It appears to me that the same logic which permitted the use of an illegally obtained statement to be used for impeachment applies to the instant situation. The shield of the statute, even as the *Miranda* rule, cannot be perverted into a license for perjury.