534 P.2d 266

**STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Marilyn Riddel, and James Dale McDANIEL, Real Party in Interest, Respondents.**

No. 11927.

Supreme Court of Arizona,
En Banc.

April 3, 1975.

Moise Berger, Maricopa County Atty., by George Mount, Deputy County Atty., Phoenix, for petitioner.

Meyer L. Ziman, Phoenix, for respondent real party in interest.

HAYS, Justice.

The defendant and real party in interest, James Dale McDaniel, was indicted for five counts of involuntary manslaughter on July 18, 1974. Thereafter, on August 5, 1974, he was arraigned and trial was set for September 11, 1974. An omnibus hearing was set for August 30, 1974, and continued to September 4, at the request of the defendant. Ultimately, after changes in the omnibus hearing date and trial date, as well as a change of judge, the court granted the defendant's motion for a new finding of probable cause.

On October 24, 1974, the defendant was re-indicted before a new grand jury on the same five counts of involuntary manslaughter, and he was once again arraigned on November 6, 1974. After more maneuvering, the case was transferred to the respondent judge who indicated that defendant's motion to dismiss for lack of a speedy trial would be granted on February 10, 1975, unless the petitioner brought a special action to determine the matter prior to that time.

There is no doubt from the record that the state took every precaution to prevent exceeding the time limitations, obviously being uncertain as to the effect of a new indictment on the time periods. The deputy county attorney timely filed a motion to accelerate and later filed a motion for a finding of extraordinary circumstances.

The question presented is this: when the court grants a motion of the defendant for a new finding of probable cause and a new indictment or information thereon is forthcoming, what time periods apply under Rule 8, 1973 Rules of Criminal Procedure, 17 A.R.S.?

We hold that under the foregoing facts the new indictment and new arraignment gave rise to a new time period under Rule 8, *supra*.

The matter is remanded to the trial court for proceedings not inconsistent herewith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.