550 P.2d 633

**The STATE of Arizona, Appellee,**

v.

**Gene Vincent DECELLO, Appellant.**

**No. 2892–2.**

Supreme Court of Arizona,
In Banc.

June 7, 1976.

Rehearing Denied July 13, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of first degree murder, A.R.S. §§ 13–451 and 452, and a sentence of life imprisonment.

We must answer the following questions on appeal:

1. Is this a "new rule" or "old rule" case?

2. Was it error to provide the county attorney with a psychiatric report containing defendant's statements concerning the offense?

3. Did the county attorney comment on the defendant's failure to testify?

The facts necessary for a determination of this matter on appeal are as follows. On the morning of 12 May 1973, the body of John Sutter was found by his landlord in the room that he rented. The body contained numerous stab wounds. Defendant made some incriminating statements to his friends and an indictment charging the defendant with murder was filed 22 May 1973. Trial to the court without a jury was held on 24 October 1973 and defendant was found guilty of first degree murder. On 3 June 1974, this court remanded the case to the Maricopa County Superior Court for a hearing to determine if the defendant did, in fact, waive his right to a trial by jury. See *State v. Decello*, 111 Ariz. 46, 523 P.2d 74 (1974). The trial court found, on 21 August 1974, that there was no waiver of a trial by jury, and a second trial was held on 25 and 26 March 1975. Defendant was convicted by a jury and sentenced to life in the Arizona State Prison on 23 April 1975 from which he appeals.

## IS THIS AN "OLD RULE" OR "NEW RULE" CASE?

The present Rules of Criminal Procedure became effective 1 September 1973. Rule 1.5 reads as follows:

*"Effective date and applicability of rules*

"These rules shall govern all criminal actions commenced on or after twelve o'clock midnight, 1 September 1973."

The Comment to that rule states:

"This rule deviates from the 1956 Arizona Rules of Criminal Procedure, Rule 366, in that it makes the new rules apply only to cases commenced on or after the effective date, not to cases pending on that date."

The indictment in this matter was filed on 22 May 1973 and was therefore commenced prior to 1 September 1973. It is therefore an "old rule" case even though the new trial was held after 1 September 1973.

## PSYCHIATRIC REPORTS

Even though this is an "old rule" case there is an exception in the case of incompetency and mental examinations:

"This court has recently enacted Rules of Criminal Procedure which cover the methods to be followed in all criminal matters commencing after 1 September 1973. Because of the doubt cast upon these statutes, § 13–1621 and § 13–1621.-01 A.R.S., by this decision and prior decisions of this court (citations omitted), and there being no present rule for the court to follow in cases commenced prior to 1 September 1973, we believe that there will be less confusion if we apply Rule 11 (Incompetency and Mental Examinations) and Rule 25 (Procedure

After Verdict or Finding of Not Guilty by Reason of Insanity) of the Rules of Criminal Procedure 1973, to all criminal matters pending after the issuance of the mandate in this case even though commenced prior to 1 September 1973." *State v. Clemons,* 110 Ariz. 79, 84, 515 P.2d 324, 329 (1973).

■ After the new trial was ordered in this matter, the defendant moved, pursuant to Rule 11 of the Rules of Criminal Procedure (1973), for a mental examination and non-disclosure of reports. The non-disclosure request was overly broad, it being the contention that the prosecution and the court were entitled only to the mental examiner's conclusion and nothing more. The Honorable Harold Martin, who heard this particular motion, granted the motion for rehearing but refused to order non-disclosure. The following transpired:

"MR. SUSMAN: Your Honor, we did not argue the second part of the Motion, but for the record we would object to the non-disclosure because I just believe the security of the disclosure is covered by the Rules, the fact that the information is not admissible at trial.

"THE COURT: I agree.

"MR. SUSMAN: No objection to the statements being stricken, but we would like the report as we cannot make a judgment based on the doctors' conclusions.

"THE COURT: That Motion about non-disclosure is denied."

The defendant was examined and cooperated to the extent that he discussed facts of the crime itself. The report, together with a recital of the defendant's statements concerning the crime, were given to the court and the county attorney. These statements were at variance with the statements defendant made while testifying at the first trial.

On 25 February 1975, the Honorable Morris Rozar granted defendant's motion to delete from the mental reports statements of the defendant concerning the crime. Judge Rozar disqualified himself from hearing the case and had it transferred to another division of the Superior Court for trial.

Disclosure of these reports to the county attorney was a violation of the law as it existed both before and after the Rules of Criminal Procedure (1973). *State v. Small,* 20 Ariz.App. 530, 514 P.2d 283 (1973); *State v. Gonzales,* 111 Ariz. 38, 523 P.2d 66 (1974).

Rule 11.4, subparagraph (a), at the time of the trial read as follows:

"a. *Reports of Appointed Experts.* The reports of experts made pursuant to Rule 11.3 shall be made available to all parties, except that any statement or summary of the defendant's statements concerning the offense charged shall be made available to the defendant."

And the Comment to Rule 11.4(a) read as follows:

"*Rule 11.4(a).* All expert reports produced pursuant to Rule 11 are to be disclosed to all parties. Only one item of the report is excepted—summary of the defendant's statements concerning the actual offense, which will be given only to the defendant."

These rules were amended in May of 1975 effective 1 August 1975 to make it even more clear:

"a. *Reports of Appointed Experts.* The reports of experts made pursuant to Rule 11.3 shall be made available to all parties, except that any statement or summary of the defendant's statements concerning the offense charged shall be made available only to the defendant."

It was error for defendant's statements concerning the crime to be made available to the county attorney even though the information was not introduced at the trial.

## COMMENT ON DEFENDANT'S FAILURE TO TESTIFY

■ The defendant did not take the stand and testify in his own behalf. The

only witness called by the defense was defendant's wife who did not testify extensively. The deputy county attorney, during his opening argument to the jury, made the following statement:

"MR. MOUNT: * * *

The evidence in this case, that is the photographs that were entered into evidence, and the testimony from witnesses that came up here and testified is undisputed and uncontradicted testimony.

*No one, no one, no one got up on this stand and testified* to you contrary to what was testified to you by the witnesses, by Joe Speed, by Pete Hansen, and by Jeannie Johnston, and the testimony read to you by Esther McCluer, and the testimony of Detective Ysasi and Nickolan.

"MR. GERHARDT: Your Honor, if we may note another objection?

"THE COURT: Yes, indeed." (Emphasis supplied)

Our statute reads:

"The defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings." A.R.S. § 13–163(B).

The United States Supreme Court has stated that the United States Constitution prohibits comment on the defendant's failure to testify at trial. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; reh. den. 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965).

The comment "no one, no one, no one got up on this stand and testified to you contrary to what was testified to you by the witnesses" was certainly calculated to point out to the jury that the defendant had not taken the stand and testified and was, we believe, fundamental error. *State v. Rhodes*, 110 Ariz. 237, 517 P.2d 507 (1973); *State v. Acosta*, 101 Ariz. 127, 416 P.2d 560 (1966); *State v. Smith*, 101 Ariz. 407, 420 P.2d 278 (1966); *State v. White*, 16 Ariz.App. 279, 492 P.2d 1217 (1972); *State v. Villalobos*, 6 Ariz.App. 144, 430 P.2d 723 (1967); *Griffin v. California*, supra.

Reversed and remanded for new trial.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.