557 P.2d 163

**STATE of Arizona, Appellee,**

v.

**James Ortiz POGUE, Appellant.**

**No. 3491.**

Supreme Court of Arizona,
In Banc.

Nov. 1, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

James Ortiz Pogue was tried and convicted of second-degree burglary. The evidence discloses that the defendant Pogue entered a retail store in Maricopa County, took an automatic toothbrush valued at $12.12 and left the store without paying for the item. The defendant delivered the stolen merchandise to an accomplice waiting in the store parking lot. The accomplice entered the store and returned the item to the store and obtained a refund. The defendant and his accomplice were arrested in the parking lot of the store by law enforcement officers who had had them under surveillance. Following the conviction and sentence the defendant filed a timely appeal and we assumed jurisdiction pursuant to 17A A.R.S.Sup.Ct.Rules, Rule 47(e) (5).

On appeal defendant contends:

1. That he had been denied a speedy trial in violation of Rule 17 A.R.S. Rules of Criminal Procedure, rule 8.2 (1973), and

2. That the trial court erred in admitting testimony of other crimes committed by the defendant and testimony indicating that the defendant had a criminal record and was a suspect in other crimes.

On the day following his arrest, July 11, 1974, the defendant made an initial appearance on the charges before a magistrate. A preliminary hearing date was set for July 17th. The defendant was unable to make bail and remained in custody until July 17th when he was told that there was not going to be a preliminary hearing and that the charges were dismissed. Defendant was released from custody. There had not been any complaint filed because the county attorney would not authorize one at the time He had advised the police to do additional investigation.

On September 20, 1974 a complaint was filed. A summons was issued, but it could not be served. Later a warrant was issued, and defendant was arrested on the warrant on December 6, 1974. He was held to answer on the charge. An information was filed and defendant was arraigned on January 2, 1975. On February 18, 1975 defendant was brought to trial which resulted in his conviction.

Defendant contends that the time limits of Rule 8.2, Rules of Criminal Procedure, 17 A.R.S. were violated and the case should have been dismissed. The trial judge denied the motion to dismiss, and we believe correctly so.

The abortive attempt to charge the defendant in July may be considered comparable to a complaint being filed and then dismissed. There is no evidence that the prosecutor was trying to avoid the time limits of Rule 8. The prosecutor had refused to authorize a complaint, and the defendant, with some delay, was released from custody. The filing of a complaint in September began a new time period. *State ex rel. Berger v. Superior Court,* 111 Ariz. 524, 534 P.2d 266 (1975). Excluding the period when the summons could not be served on the defendant, the case was tried within the requirements of Rule 8.

At trial evidence was admitted over defendant's objection which showed that at two other stores the defendant had committed acts similar to that charged. The defendant does not seriously contend that

the acts did not show a common plan or scheme. He does argue that the proof was not substantial enough to prove the other crimes.

The evidence showed that the defendant and two accomplices started out together. They had agreed on a scheme to steal merchandise from stores and return the merchandise to the same stores as a return item for a refund. One of the accomplices testified to the method used that day at two other stores before the case at issue. There was substantial evidence to show the commission of the other offenses. The incidents all support one another. *State v. Lee*, 25 Ariz.App. 220, 542 P.2d 413 (1976). They were corroborated by police observation of some of the activities of the participants.

 Defendant challenges the admission of the testimony of one of the police officers in answering that he first saw the defendant when he got into an automobile at a certain address. The inference being that the defendant was under surveillance. This fact alone might be error, but the whole matter was connected to show the relevancy. The observations of the officer were corroborative of the testimony of the accomplice. Recently in *State v. Madrid*, 113 Ariz. 290, 552 P.2d 451 (1976) the testimony of police officers concerning the activities of defendants under surveillance was held admissible. If the sole evidence is that the accused was under surveillance, it is inadmissible as suggesting suspicion of misconduct. *State v. Serrano*, 17 Ariz. App. 473, 498 P.2d 547 (1972). Where the evidence produced by surveillance is admissible, the fact that it was gained by surveillance is admissible.

Finally, the defendant contends that the court erred in not granting his motion for a mistrial because of a so-called nonresponsive answer to the following:

"Q. Did you ever see Mr. Pogue or the other man who was with La Rue Rontondo, the woman, did you ever see Mr. Pogue or Anthony Rontondo before July 10th, 1974?

"A. I have seen photographs, not in person."

The defense argument is that the existence of photographs of the defendant implies a criminal record. This assumption if questionable, and there is some question whether the answer was unresponsive. In any event the error, if any, was harmless.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.