571 P.2d 677

**STATE of Arizona, Appellee,**

v.

**Timothy Peter McDONALD, Appellant.**

**No. 1 CA–CR 2032.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 29, 1977.

Rehearing Denied May 4, 1977.

Review Granted June 1, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Eugene A. Burdick, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

After trial to a jury, the appellant was convicted of attempted first degree burglary and sentenced to five years' probation. He appeals, arguing:

1. The trial judge erred in denying a motion to dismiss, which was supported by three different grounds;

   (a) an original dismissal of the charge should have been with prejudice when a redetermination of probable cause did not take place within the time limits prescribed in Rule 5.5(d), Rules of Criminal Procedure, 17 A.R.S.;

   (b) the speedy trial time limits of Rule 8, Rules of Criminal Procedure, 17 A.R.S., were exceeded; and

(c) the County Attorney received a report of the psychiatrist under Rule 11.4, Rules of Criminal Procedure, 17 A.R.S., which contained a summary of the defendant's statements concerning the alleged offense.

2. The court erred when it allowed the County Attorney to ask an accomplice if he had pled guilty to the crime for which appellant was charged.

The appellant was originally arrested on November 13, 1974 and charged with attempted burglary, first degree. Subsequent proceedings on this original charge culminated in the granting of a motion for redetermination of probable cause, pursuant to Rule 5.5, Rules of Criminal Procedure, 17 A.R.S. The cause was eventually dismissed without prejudice when the new preliminary hearing was not held within the 10 day time limit of Rule 5.5. A second complaint was issued on June 9, 1975, and it was on this latter complaint that appellant was eventually tried and convicted.

On the day set for trial, the appellant urged that the trial court should grant a motion to dismiss based upon alternative grounds. First, the appellant argued that the prior dismissal "without prejudice" following the failure to timely hold a preliminary hearing under Rule 5.5(d) was erroneous on the grounds that the order lacked a finding that a dismissal was required "in the interests of justice". Next, he urged that the speedy trial time limits under Rule 8.2, Rules of Criminal Procedure, 17 A.R.S. had been violated.

■ With respect to the first issue, the appellant points out that Rule 5.5(d) requires a dismissal if a new preliminary hearing is not commenced within 10 days after entry of the remand order. He then argues that such a dismissal is controlled by Rule 16.7(d), Rules of Criminal Procedure, 17 A.R.S., requiring that the trial court state in its original order of dismissal that it found "that the interests of justice require that the dismissal be without prejudice." The absence of such a finding re-

sults, as a matter of law, in the prior dismissal being "with prejudice". We disagree.

The fact that the dismissal was without prejudice infers that the trial court made the necessary finding. *Cf. Wippman v. Rowe,* 24 Ariz.App. 522, 540 P.2d 141 (1975). No specific request for such a finding was made in this case and we can find no actual prejudice to the appellant resulting from the absence of such an express finding in the order. The language of Rule 16.7(d) does require the dismissal order to state whether it is without prejudice. Having complied with that requirement, we hold that a defendant is on notice that the judge found the necessary factual predicate to result in such a determination.

■ Finally, the appellant argues that the speedy trial time limits of Rule 8.2, Rules of Criminal Procedure, 17 A.R.S. were exceeded because the time limits were not computed from November 13, 1974, the date of his original appearance in the proceeding which was dismissed.[1]

When a case is returned for a redetermination of probable cause pursuant to Rule 5.5 and is subsequently dismissed, by court, prosecutor, or delay, the time limits for computing a speedy trial under Rule 8 of our criminal rules begin anew, absent a showing of bad faith on the part of the prosecution or prejudice to the defendant. *State v. Johnson,* 113 Ariz. 506, 557 P.2d 1063 (1976); *State v. Pogue,* 113 Ariz. 478, 557 P.2d 163 (1976); *State ex rel. Berger v. Superior Court,* 111 Ariz. 524, 534 P.2d 266 (1975); *State v. Avriett,* 25 Ariz.App. 63, 540 P.2d 1282 (1975).

Next, appellant argues that the trial court erred in denying his motion to dismiss for violation of Rule 11.4, Rules of Criminal Procedure, 17 A.R.S. (Supp.1976), which states in part:

"a. Report of Appointed Experts. The reports of experts made pursuant to Rule 11.3 shall be made available to all parties, except that any statement of summary of

1. Appellant does not argue that any Rule 8 violations occurred if the time limits are to be

computed on the basis of the start of the reprosecution.

the defendant's statements concerning the offense charged shall be made available only to the defendant. (As amended, effective Aug. 1, 1975)."

The appellant in this case was examined pursuant to Rule 11.3. Subsequent thereto, the medical report of Dr. Almer was submitted to the court and the county attorney. As originally submitted, it contained appellant's brief summary of the events surrounding the crime for which he was charged. The court, after being made aware that the report contained excisable material and its delivery to the County Attorney, held a hearing at which evidence was taken concerning the County Attorney's awareness of the improperly divulged portion of the report. The Deputy County Attorney who had received the report stated that he could not recall the summary of the defendant's statement. That portion of the medical report summarizing the defendant's statement made to Dr. Almer was stricken from the report. The stricken statement appears in the appellant's opening brief.

■ We have no dispute with the appellant's conclusion that the disclosure of the defendant's statement to the County Attorney was a violation of Rule 11.4 and was improper. *State v. Decello*, 113 Ariz. 255, 550 P.2d 633 (1976). Here, as in *Decello, supra*, none of the information contained in the summary was introduced at trial. Nevertheless, *Decello, supra*, makes it clear that it is error to provide the County Attorney with a psychiatric report containing a defendant's statement concerning an offense with which he is charged. Numerous cases in Arizona have held that it is error to permit a psychiatrist to testify at trial as to statements made by a defendant concerning the offense. *State v. Freeman*, 114 Ariz. 32, 559 P.2d 152 (filed November 29, 1976); *State v. Magby*, 113 Ariz. 345, 554 P.2d 1272 (1976); *Ulin v. Riddel*, 111 Ariz. 435, 532 P.2d 155 (1975); *State v. Evans*, 104 Ariz. 434, 454 P.2d 976 (1969). Those cases, however, dealt with a factual situation in which a psychiatrist had either directly or indirectly testified before the trier of fact con-

cerning a defendant's statement made to him about the alleged offense. As noted by the court in *Evans, supra,* "[T]o permit even a psychiatrist acting for the court to transmit a defendant's incriminating statements to a jury is fundamentally unfair." *Id.* at 436, 454 P.2d at 978.

■ Nevertheless, neither *Magby* nor *Freeman* were reversed because of the admission of the psychiatrist's testimony concerning a defendant's statements made to him. In *Magby*, the court held that testimony by a psychiatrist relating to a defendant's statement to him concerning the crime was error, but, in light of the fact there were two eye witnesses to the facts surrounding the shooting, the error was harmless.

As in *Magby, supra,* there was an eye witness to the alleged crime in this case and the appellant's co-defendant also testified at trial. Furthermore, while error did occur in the disclosure of the report to the County Attorney, *Decello, supra,* we do not think the disclosure rose to the level of prejudice that a defendant is subjected to when a psychiatrist testifies to statements made by the defendant to him in front of a jury. Under the facts of this case, we find the error to have been harmless.

Finally, the appellant argues that the trial court committed reversible error when it permitted a co-defendant to testify on direct examination that he had pled guilty to the crime for which appellant was charged.

During the trial, the state called as a witness, Mr. Paul Davis. Mr. Davis related the events of the evening which resulted in the arrest of both himself and appellant on a charge of first degree burglary. After a lengthy examination into the facts surrounding the evening, Mr. Davis, in response to a question on direct examination, admitted that he had pled guilty to the crime. To preclude this testimony, the appellant made a timely motion in limine which was denied.

■ While we have not found any Arizona cases specifically addressing this point, several federal decisions have spoken to the

**184**

issue. In our opinion, the correct rule is stated in *United States v. King,* 505 F.2d 602, 607 (5th Cir. 1974):

> "We recognize that there is potential prejudice inherent in a witness' statement that he was the defendant accomplice or co-conspirator, and that he has pled guilty to the crime for which the defendant is charged. One person's guilty plea or conviction may not be used as substantive evidence of guilt of another." (citations omitted)

 We are equally aware that the purpose of the questioning may have nothing to do with establishing the guilt of the defendant, but rather may be simply to "pull the sting" from adverse cross-examination. In any event, such a procedure on direct examination is improper. *See* the following cases which allow direct examination on this topic if the jury is cautioned that the testimony is not evidence of the defendant's guilt. *United States v. Rothman,* 463 F.2d 488 (2d Cir.), *cert. denied,* 409 U.S. 956, 93 S.Ct. 291, 34 L.Ed. 2d 231, *reh. denied,* 409 U.S. 1050, 93 S.Ct. 513, 34 L.Ed.2d 504 (1972); *United States v. Del Purgatorio,* 411 F.2d 84 2d Cir. 1969); *Loraine v. United States,* 396 F.2d 335 (9th Cir.), *cert. denied,* 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968); *United States v. Freeman,* 302 F.2d 347 (2d Cir. 1962), 375 U.S. 958, 84 S.Ct. 448, 11 L.Ed.2d 316 (1963).

Moreover, we are somewhat sympathetic to the statement made in *Freeman, supra,* where a similar objection was raised:

> "It must have been crystal clear to the jury that Ward had pleaded guilty to the offense of possessing narcotics . . . . If Ward's testimony was to be believed at all, it was equally clear that Ward was in fact guilty of illegal possession of narcotics. We do not see how the fact that she had pleaded guilty to such an offense in the state court could have added anything one way or the other to the story which she told under oath." 302 F.2d at 350.

While we hold that the trial court should have granted the motion in limine and not allow the state to elicit the fact of the guilty plea on direct examination, considering the totality of the circumstances and the nature of this error, we find the error to be harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment and sentence are affirmed.

FROEB, Chief Judge, Division 1, and OGG, J., concur.