571 P.2d 656

**STATE of Arizona, Appellee,**

v.

**Timothy Peter McDONALD, Appellant.**

**No. 3931–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 17, 1977.

Supplemental Opinion Nov. 16, 1977.

Rehearing Denied Nov. 17, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Eugene A. Burdick, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

This appeal arises out of a conviction for Attempted Burglary, First Degree. The Court of Appeals affirmed, 117 Ariz. 180, 571 P.2d 677 (1977). We granted review. Opinion of the Court of Appeals vacated. Judgment affirmed.

Appellant was arrested on November 13, 1974 on the charge of Attempted Burglary, First Degree. His trial was ultimately set for March 5, 1975, but at that time the court entered an order remanding to the justice court for a re-determination of probable cause pursuant to Rule 5.5, Rules of

Criminal Procedure, 17 A.R.S. Rule 5.5(d), since revised, then provided:

"Relief. * * * Unless a new preliminary hearing is commenced within 10 days after entry of the remand order, the case shall be dismissed."

On June 5, 1975, the complaint against appellant was dismissed without prejudice because of the failure to hold another preliminary hearing as ordered. A new complaint was issued on June 9, 1975, and appellant was again held to answer on the new complaint. After various delays, appellant was tried and convicted in March of 1976.

■ Appellant first contends that the Rule 5.5 dismissal was erroneous in that the trial court failed to set forth in its order that the dismissal without prejudice was "in the interests of justice." Appellant relies on Rule 16.7(d)[1] of the Rules of Criminal Procedure, which then provided that a dismissal is with prejudice unless the court finds that in the interests of justice the dismissal shall be without prejudice.

Appellant has not, however, provided this Court with complete records of the proceedings below. The record does not contain the court's order of dismissal. In State v. Bojorquez, 111 Ariz. 549, 553, 535 P.2d 6, 10 (1975), we said:

"It is the duty of counsel who raises objections on appeal to see that the record before us contains the material to which he takes exception. State v. Ford, 108 Ariz. 404, 499 P.2d 699 (1972), cert. denied, 409 U.S. 1128, 93 S.Ct. 950, 35 L.Ed.2d 261 (1973). Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court. State v. Brooks, 107 Ariz. 364, 489 P.2d 1 (1971); State v. Wilson, 95 Ariz. 372, 390 P.2d 903 (1964)."

We are compelled to presume that the dismissal without prejudice was in the interests of justice.

■ Appellant next argues that Rule 8, Rules of Criminal Procedure, 17 A.R.S., was violated because the time periods for a speedy trial were not calculated from the filing of the first complaint. As to this, we held in State ex rel. Berger v. Superior Court, 111 Ariz. 524, 534 P.2d 266 (1975), that when a court grants a motion for a new finding of probable cause and a new indictment or information is thereafter filed, this gives rise to new time periods under Rule 8.

■ Appellant argues that the trial court committed reversible error in failing to dismiss the case because of a violation of Rule 11.4, Rules of Criminal Procedure, 17 A.R.S. Rule 11.4 states, in part:

"a. Reports of Appointed Experts. The reports of experts made pursuant to Rule 11.3 shall be made available to all parties, except that any statement or summary of the defendant's statements concerning the offense charged shall be made available only to the defendant."

This is what occurred. Eugene Almer, M. D., examined the appellant and then submitted a psychiatric report to the court which contained a paragraph relating appellant's statements about the offense. The report was given to the prosecuting attorney without deleting this paragraph. Appellant relies on State v. Decello, 113 Ariz. 255, 550 P.2d 633 (1976), as dispositive of this issue. We think, however, that appellant's reliance on Decello is misplaced.

In Decello, there were two grounds of error. We held it was error to give the County Attorney a psychiatric report containing defendant's statements about the offense. We also held that it was fundamental error for the County Attorney to comment on the defendant's failure to testify. While we "reversed and remanded" for a new trial, we did not say that the disclosure of defendant's statements was prejudicial to the defendant or that the disclosure was grounds for reversal. If such a disclosure had been per se prejudicial, manifestly any further prosecution of the defendant would have been impossible.

In the instant case, an impartial jury could hardly have found other than that the

---

1. Rule 16.7(d) was replaced by rule 16.5(d), effective August 1, 1975.

appellant was guilty of attempted burglary. An eyewitness testified that he saw appellant trying to force an entry into a residence. The same witness made a citizen's arrest of appellant and his companion. Within a few moments a police officer arrived, who found burglary tools on the person of appellant. Finally, appellant's accomplice testified at the trial, implicating him in the offense. The statements which appellant made to Dr. Almer, while known to the prosecuting attorney, were not used at the trial or disclosed to the jury. We believe the defendant's guilt is evident and that, therefore, the incident did not contribute to the jury's verdict.

Appellant finally argues that the trial court erred in permitting the accomplice to testify that he had pled guilty to the same crime with which appellant was charged. Appellant's counsel unsuccessfully sought to preclude this testimony by a motion *in limine.* He also objected when the testimony was brought out at the trial.

■ The overwhelming weight of authority in this country is that where two or more persons are charged with the same criminal offense and are tried separately, the fact that one defendant has pleaded guilty is inadmissible against the other. See cases collated in the annotation: "Prejudicial Effect of Prosecuting Attorney's Argument or Disclosure During Trial that Another Defendant Has Been Convicted or Has Pleaded Guilty." 48 A.L.R.2d 1016. And see also the recent cases of *Ivy v. State,* 301 So.2d 292 (Miss.1974), and *State v. Felton,* 131 N.J.Super. 344, 330 A.2d 23 (1974). The evidence of a co-defendant's guilty plea is, however, admissible if offered by either the accused or the state where it attacks a witness' credibility. *State v. Pikul,* 150 Conn. 195, 187 A.2d 442 (1962). Such evidence may be introduced where it tends to impeach the witness' trial testimony, *United States v. King,* 505 F.2d 602 (5th Cir. 1974), for the reason that the defense may not leave misleading impressions such as that the prosecution is hiding something. *United States v. Del Purgatorio,* 411 F.2d 84 (2d Cir. 1969).

■ In *United States v. King,* supra, the court discussed at length the effect of testimony that a co-defendant pleaded guilty. It concluded:

"Thus, a number of our cases—in fact, all but one—have declined to find plain error when the fact of a coconspirator's guilty plea was made known to the jury even though no cautionary instructions were given. In assessing King's assertion of plain error in this case, then, we must carefully examine all the facts and circumstances of the case in their proper context." 505 F.2d at 608.

In the instant case, while the defense vigorously objected to the introduction of the evidence of the co-defendant's plea of guilty, there was no request for a cautionary instruction to the effect that the plea of guilty was not to be considered as evidence of appellant's guilt.

As was held in *United States v. King,* when no cautionary instruction is requested or given, the facts and circumstances will be examined in order to decide whether the jury's verdict was possibly influenced, thereby prejudicing the appellant. Here, again, it can be said the guilt of appellant was evident, for he was caught in the act of committing the offense. We conclude that the error in the admission in evidence of the guilty plea was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.

## SUPPLEMENTAL OPINION

STRUCKMEYER, Vice Chief Justice.

In our written opinion filed October 17, 1977, affirming the judgment of the Superior Court in this Cause, it was erroneously stated that the record before this Court did not contain the Superior Court's order of dismissal. The record does contain the Superior Court's order. It provides:

"June 5, 1975.

IT IS ORDERED granting Defendant's Motion to dismiss without prejudice."

Since the dismissal was actually without prejudice, our holding is not affected by the oversight. Although the court below did not state, as Rule 16.7(d) then required, that the dismissal was "in the interests of justice", we think that can be presumed; otherwise the lower court would have ordered the dismissal with prejudice.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.