766 P.2d 593

STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,

v.

The Honorable Rudolph J. GERBER, Judge of the Superior Court of Maricopa County; the Superior Court of the State of Arizona, in and for the County of Maricopa; M. Louis Levin, Presiding Judge of the Phoenix Municipal Court; and the Phoenix Municipal Court, Respondents,

and

Charles T. STEGALL, Respondent/Real Party in Interest.

No. CV–88–0312–SA.

Supreme Court of Arizona, In Banc.

Dec. 15, 1988.

Reconsideration Denied Jan. 31, 1989.

Roderick G. McDougall, Phoenix City Atty. by Michael L. Scanlan, Asst. City Prosecutor, Phoenix, for petitioner.

Frederick S. Dean, Tucson City Atty. by Christopher L. Straub, Asst. City Atty., Tucson, for amicus curiae Tucson City Prosecutor.

Michael J. Dew, Phoenix, for respondent/real party in interest.

CAMERON, Justice.

## I. JURISDICTION

We granted the state's petition for special action to determine whether the time a DUI case is on appeal is excludable from the speedy trial limits of Rule 8, Ariz.R. Crim.P., 17 A.R.S. and *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24 and Ariz. R.Sp. Act. 8, 17A A.R.S.

## II. FACTS

On 12 September 1986, the defendant, Charles T. Stegall, was arrested for driving while under the influence of intoxicating liquor (DUI) and with a blood alcohol content of 0.10 percent or more. A.R.S. § 28–692(A), (B). He entered a plea of not guilty, and the Phoenix Municipal Court set the matter for trial on 7 January 1987. On 26 November 1986, Stegall filed a motion to dismiss claiming denial of his right to counsel. On the day the matter was set for trial, 7 January 1987, the court granted Stegall's motion to dismiss. The state filed a timely appeal pursuant to A.R.S. § 13–4032(1). On appeal, Judge Gerber of the Maricopa County Superior Court ruled that the municipal court erred in dismissing the case and remanded the case back for further proceedings.

On 23 August 1987, Stegall again filed a motion to dismiss in the Phoenix Municipal Court claiming that, in violation of *Hinson v. Coulter*, more than 150 non-excludable days had passed since his arrest. The court granted Stegall's motion to dismiss on 22 September 1987, and the state again filed a timely notice of appeal.

On appeal, Judge Gerber ruled that, absent some authority requiring the exclusion of the time in which the matter had been on appeal, the speedy trial limits of *Hinson v. Coulter* had been violated. He affirmed

the dismissal of the case by the municipal court. The state then sought relief in this court by way of a petition for special action, which we granted because the question is a matter of statewide concern.

## III. DISCUSSION

Historically, appeals by the state in criminal matters have not been favored and are allowed only when that right is clearly provided by constitution or statute. *State v. Lelevier*, 116 Ariz. 37, 38, 567 P.2d 783, 784 (1977). As to appeals from non-record courts, if the constitution or statute allows, the state has the right to appeal to the superior court when the appeal is timely and for the reasons set forth by statute or the constitution.

In the instant case, the state had the right to appeal an order dismissing or "quashing" the complaint. A.R.S. § 13–4032(1); *Litak v. Scott*, 138 Ariz. 599, 601, 676 P.2d 631, 633 (1984). The question we have to answer is whether the time it takes to process an appeal is excludable from the speedy trial rules of this court, Ariz.R.Crim.P. 8; and *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986).

In *State v. Million*, 120 Ariz. 10, 583 P.2d 897 (1978), the trial court granted defendant's motion to suppress evidence. The state appealed. The trial court also granted the state's motion to dismiss without prejudice. The state prevailed in its appeal and filed a new indictment 435 days after the dismissal. Defendant was convicted, and on appeal, he claimed error on the basis of a speedy trial violation. *Id.* at 13, 583 P.2d at 900. We discussed the risk the state took by dismissing the matter and taking an appeal. We noted, however:

> The running of the speedy trial requirements of Rule 8.2 was not one of these risks because during this time the trial court was without jurisdiction to proceed. We therefore find no Rule 8 violation. *State v. Pogue*, 113 Ariz. 478, 557 P.2d 163 (1976).

*Million*, 120 Ariz. at 13, 583 P.2d at 900.

In the instant case, because the matter was properly appealed, the municipal court was without jurisdiction to proceed further and the time did not run.

We hold that the time the matter was on appeal was excluded from the speedy trial requirement of Ariz.R.Crim.P. 8.2(d) and *Hinson*. *See also State v. Lelevier*, 116 Ariz. 37, 38–39, 567 P.2d 783, 784–85 (1977); *State v. Pogue*, 113 Ariz. 478, 479, 557 P.2d 163, 164 (1976).

## IV. RELIEF

The order of the Maricopa County Superior Court is vacated and the matter is remanded to the Maricopa County Superior Court with instructions to proceed consistent with this opinion. If a new trial is ordered, it must commence within 60 days from the issuance of the mandate herein and pursuant to Ariz.R.Crim.P. 8.2(c), (d), 17 A.R.S.

Relief granted.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN and MOELLER, JJ., concur.