NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM JAMES BUTLER, *Appellant.*

No. 1 CA-CR 14-0193

FILED 2-17-2015

Appeal from the Superior Court in Coconino County
No. S0300CR201200827
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

¶1        William James Butler was convicted of aggravated assault, resisting arrest, and disorderly conduct.  He appeals his convictions and the resulting sentences, arguing that fundamental error occurred because a police officer testified and identified the co-defendant who "took a plea agreement."  For the reasons that follow, we affirm.

**BACKGROUND[1]**

¶2        Flagstaff Police Corporal Shawn Knott and Officer Robert Tullis were trying to separate two men who were fighting.  Moments later, Officer Curtis Simpson arrived and saw Butler running towards the officers.

¶3        Officer Knott attempted to move Butler away from the fight, but Butler "lunged forward" and "shoved [Officer Tullis in] the chest," pushing him backwards, and then punched Officer Tullis.  When Officer Knott grabbed Butler, Officer Knott was hit.  Kenneth Chapple then walked quickly towards Officer Simpson "in an aggressive manner with a puffed up chest[.]"  Officer Simpson pushed Chappel away and told him to stay back, but Chapple pushed the officer.  Officer Simpson then pushed Chapple against a car to arrest him.  Then Isaiah Buck "jump[ed] on [Officer Simpson's] back" and put his forearm "around [Simpson's] face, [and] appl[ied] pressure backwards."

¶4        As the officers were attempting to handcuff Buck, Brandon Chapple, Kenneth's brother, ran towards the officers and struck one of them.  Eventually, the police arrested all four brawlers.

---

[1] "We view the evidence in the light most favorable to sustaining [the] convictions and resolve all reasonable inferences against [the defendant]." *State v. Manzanedo,* 210 Ariz. 292, 293, ¶ 3, 110 P.3d 1026, 1027 (App. 2005) (citation omitted).

¶5 Butler was indicted for two counts of aggravated assault on a peace officer, one a class five felony and the other a class four felony, resisting arrest and disorderly conduct. He pled not guilty and, along with Brandon Chappel and Isiah Buck, who had also been indicted, went to trial. Although Kenneth Chapple had been indicted, he pled guilty and did not participate in the trial.

¶6 During the trial, Officer Tullis described the melee and referred to a "Mr. Chapple." The prosecutor asked, "Which Chapple? Do you know?" The officer responded, "I do not recall. He's not here today. He was the gentleman that took a plea agreement." Butler did not object.

¶7 The jury found Butler guilty of the disorderly conduct, resisting arrest and the class five aggravated assault, but not guilty of the class four aggravated assault. He was sentenced to thirty days in jail with nineteen days of presentence incarceration credit, and eighteen months' probation for aggravated assault and resisting arrest, and time served for the disorderly conduct. Butler appealed.[2] We have jurisdiction under Arizona Constitution Article VI, Section 9, and Arizona Revised Statutes sections 12–120.21(A)(1), 13–4031, and –4033(A) (2014).

## DISCUSSION

¶8 Butler contends that he is entitled to a new trial because fundamental prejudicial error occurred when the officer testified about Kenneth Chapple pleading guilty. We disagree.

¶9 It is axiomatic that if two or more defendants are charged with the same criminal offense, the fact that one has pled guilty is inadmissible against the other. *State v. McDonald*, 117 Ariz. 159, 161, 571 P.2d 656, 658 (1977) (citations omitted). Here, the officer identified a Mr. Chapple, and when the prosecutor sought to clarify which Chapple, the officer stated that the person was not present because he pled guilty.[3] The defense, however, did not object to the testimony, request the court strike the testimony, ask for a mistrial, or request a cautionary instruction. Consequently, our review is limited to fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20, 115 P.3d 601, 607 (2005); *see also McDonald*, 117 Ariz. at 161, 571

---

[2] Brandon Chapple and Isiah Buck did not appeal their convictions or sentences.

[3] Neither Butler nor the other co-defendants had filed a motion in limine seeking to preclude any mention of Kenneth Chapple's plea agreement or his absence from the courtroom.

P.2d at 658 ("[W]hen no cautionary instruction is requested or given, the facts and circumstances will be examined in order to decide whether the jury's verdict was possibly influenced, thereby prejudicing the appellant.").

¶10          Fundamental error review involves a three-step analysis. *See Henderson*, 210 Ariz. at 567, ¶¶ 19-22, 115 P.3d at 607. First, the defendant must prove error. *Id.* at 568, ¶ 23, 115 P.3d at 608. Second, the defendant must prove "that the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at 568, ¶ 24, 115 P.3d at 608 (citation omitted). Finally, the defendant must demonstrate that the error was prejudicial. *Id.* at 568, ¶ 26, 115 P.3d at 608.

¶11          Here, although the officer should not have volunteered the information about the plea agreement when trying to identify Kenneth Chapple, the State did not ask any question to elicit the statement. The State did not try to use the statement to suggest that Butler was guilty or otherwise refer to Kenneth Chapple's plea agreement. Furthermore, the State did not refer to the testimony during closing argument. *Cf. United States v. Toner,* 173 F.2d 140, 142 (3rd Cir. 1949) (noting that the trial court erred when it instructed the jury that it could "take into consideration [for determining the defendant's guilt] that one of two co-conspirators did plead guilty and make such use of it as [it] see[s] fit"). Consequently, if the officer's statement was error, it was not fundamental error because the State did not elicit it or attempt to use it for any purpose. *See Paige v. United States*, 25 A.3d 74, 82-84 (D.C. App. 2011) (concluding that brief mention of co-defendant's plea during trial was not plain error where, *inter alia*, the prosecutor did not mention the plea during closing argument); *see also State v. Miller*, 129 Ariz. 42, 43, 628 P.2d 590, 591 (App. 1981) (holding that an isolated answer from a witness did not result in fundamental error because defendant did not object, did not request a jury instruction, and did not request that the court strike the testimony).

¶12          Moreover, Butler has failed to prove that he suffered any prejudice. *See State v. Munninger*, 213 Ariz. 393, 397, ¶ 14, 142 P.3d 701, 705 (App. 2006) (holding that a defendant must affirmatively prove prejudice and cannot rely on speculation). Despite the fact that the comment about the co-defendant's plea was brief and the State did not discuss it further during trial, Butler argues that the statement was prejudicial, but has not pointed to anything in the record supporting his argument. In fact, Butler's argument is undercut because the jury considered all the evidence, determined the facts and acquitted him on the more serious class four aggravated assault charge. *See State v. Stuard*, 176 Ariz. 589, 600, 863 P.2d

881, 892 (1993) (reasoning that the defendant failed to prove prejudice because the jury based their verdicts on the evidence when the jury acquitted the defendant on some of the charges). And given the testimony from two officers that Butler assaulted Officer Knott, the evidence of Butler's guilt is overwhelming.

¶13     Butler also contends that he was prejudiced because he did not have the ability to confront Chapple. The Confrontation Clause within the Sixth Amendment to the United States Constitution, however, was not implicated by the officer's comment because the State did not solicit or offer the statement for its truth. Likewise, after the officer volunteered the statement, the State did not ask the officer any other questions about Kenneth Chapple or otherwise use any information related to the guilty plea for any substantive evidentiary purpose. Consequently, because the statement was volunteered and not testimonial hearsay that the State was trying to use against Butler, there was no violation of the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 38 (2004); *see also State v. Womble*, 225 Ariz. 91, 96-97, ¶¶ 10-13, 235 P.3d 244, 249-50 (2010) (finding that police officer's testimony regarding information from an informant did not violate the Confrontation Clause where "[t]he testimony was not offered to prove [the defendant] was involved in the murder. . .").

## CONCLUSION

¶14     Based on the foregoing, we affirm Butler's convictions and sentences.

