UNITED STATES of America, Appellee,

v.

Donald PAYDEN, Defendant-Appellant.

No. 1076, Docket 76–1114.

United States Court of Appeals,
Second Circuit.

Argued May 28, 1976.

Decided June 8, 1976.

Angus Macbeth, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for appellee.

Jay Goldberg, New York City, for defendant-appellant.

Before HAYS, MULLIGAN and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York on March 1, 1976, after a jury

trial before Hon. Lee P. Gagliardi, United States District Court Judge. Appellant Donald Payden and co-defendant Billy Vernon were convicted under Count One of the indictment for conspiracy to distribute and to possess cocaine in violation of 21 U.S.C. § 846, and under Count Three for possession with intent to distribute on August 27, 1974. Payden was acquitted of Count Two of the indictment charging possession with intent to distribute on August 6, 1974. Vernon was convicted on Count Two as well as on a fourth count (denominated Six) which charged him alone with possession with intent to distribute on October 3, 1974. Payden was sentenced to six years in prison on each count, to be served concurrently, and to be followed by six years of special parole. In addition, he was fined $5,000 on Count One. Payden was released on bail pending the disposition of this appeal.

Payden's principal argument on this appeal is that the fourth count, an unrelated charge against Vernon alone, was misjoined with the first three counts which charged Payden and Vernon jointly. It is conceded that no motion to sever was made by Payden's counsel prior to trial although Rule 12(b)(5) of the Federal Rules of Criminal Procedure clearly requires that issues of misjoinder and severance be raised prior to trial. And see *United States v. Del Purgatorio,* 411 F.2d 84, 87 (2d Cir. 1969).

The original indictment, 75 Cr. 421, filed on April 28, 1975, charged Payden, Vernon, David Bell, Lester Bell, and Jane Doe, a/k/a "Jackie Smith," with violations of the federal narcotics laws. The two Bells and Jane Doe were fugitives at the time of trial. On October 28, 1975 the Government successfully moved in open court to sever those parts of the indictment charging the fugitives, as well as the count (number Six) charging Vernon alone. On November 13th, the morning of the trial, the court was informed of Vernon's desire to stand trial on Count Six simultaneously with the counts charging both Payden and Vernon. The court allowed the count to be joined and Payden made no objection. When evidence was admitted against Vernon on Count Six, again Payden did not object, and at the close of the Government's case Payden made no motion for mistrial on the ground of improper joinder. In fact, the issue of misjoinder was never raised by appellant until the day of sentence when a motion to dismiss the indictment because of misjoinder was made and denied.

■ While we agree with appellant that the misjoinder motion could not reasonably have been made prior to the day of trial in view of the Government's initial willingness to sever all counts not involving the joint activity of Payden and Vernon, we are not persuaded that the misjoinder motion could not have been reasonably made on the day of trial or at some point during the trial. Payden's counsel, who had sufficient time to prepare other pre-trial motions (e. g., to dismiss the indictment for other reasons, and to suppress evidence, etc.) on October 31, 1975, should have been familiar enough with the case on the pretrial proceedings to raise the misjoinder issue on the morning of November 13, 1975 and certainly thereafter during the four-day trial. In any event, as the court below found, it is difficult to see how Payden was prejudiced by the misjoinder. Even if Count Six had been severed, evidence on which it was based was clearly admissible anyway against the co-defendant Vernon to show other similar acts by him. *United States v. Gerry,* 515 F.2d 130, 140–41 (2d Cir.), cert. denied, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975); *United States v. Papadakis,* 510 F.2d 287, 294 (2d Cir.), cert. denied, 421 U.S. 950, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975); Fed.R.Evidence 404(b). In addition, the charge to the jurors properly cautioned them not to consider against Payden any evidence admitted solely against Vernon.

■■ Payden also protests about the admission against him of the incriminating hearsay statements of co-defendant Vernon. However, we find ample non-hearsay evidence against Payden so as to allow into evidence the hearsay statements of Vernon. The testimony of the Government undercover agent that Payden had himself made

reference to "doing a deal" with Vernon; Payden's presence at the scene of drug deals; and Payden's driving Vernon off at a high rate of speed after Vernon had reported to the agent that he and Payden were going to get cocaine, all constituted admissible non-hearsay evidence even irrespective of the co-conspirator exception to the hearsay rule. See *United States v. D'Amato*, 493 F.2d 359, 363–64 (2d Cir.), cert. denied, 419 U.S. 826, 95 S.Ct. 43, 42 L.Ed.2d 50 (1974).

 Appellant's argument that there was unjustified prearrest delay * is not meritorious. There was evidence that numerous attempts were made by the Government to arrest Payden prior to his actual arrest. Furthermore, Payden has not demonstrated any prejudice to himself because of the delays, which would be necessary to show a violation of his rights. See, e. g., *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Finkelstein*, 526 F.2d 517, 525–26 (2d Cir. 1975). It is not such prejudice that (e. g.) recollections may have faded in the interim caused by the delay, *United States v. Finkelstein, supra*, 526 F.2d at 526.

Payden's last point, in which he protests the trial court's failure to hold an identification hearing, is frivolous in light of the in-court identification of Payden by the undercover agent and a surveillance officer, without objection from defense counsel.

Affirmed.

---

* There was approximately fourteen months between the dates of the substantive offenses of which Payden was charged and his arrest, and six months between his indictment and arrest.

We note again, however, that certain of the original indictees were fugitives throughout this period.