**UNITED STATES of America**

v.

**Frank CRISONA, Defendant.**

**No. 77 Cr. 436–CSH.**

United States District Court, S. D. New York.

Nov. 10, 1977.

Robert B. Fiske, Jr., U. S. Atty., New York City, Harry C. Batchelder, Jr., Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Gerald L. Shargel, New York City, Fischetti & Shargel, New York City, of counsel, for defendant.

MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant Frank Crisona ("Crisona"), charged with the bribery of an agent of the Internal Revenue Service, moves to dismiss the action on the ground that the 26 months between the averred commission of the crime and the indictment violated his right to due process under the Fifth Amendment to the Constitution, see *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). This tardiness in making the formal accusation is ascribed to the prosecution's attempt to use this potential charge to persuade Crisona to cooperate with them in another, unrelated federal investigation.

Conceding that defendant suffered no actual prejudice as a result of the delay, movant argues that dismissal may be predicated solely upon the intentional misconduct of the Government. Since this view does not accord with controlling case law, which requires a showing of prejudice despite the cause for the lateness of the indictment, the motion must be denied in all respects.

Although the relevant statute of limitations provides defendants with their principal bulwark against the bringing of stale criminal cases, *United States v. Ewell*, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), excessive delay between the crime

and the indictment within the limitations period may warrant a dismissal of the charge where it is demonstrated that the prolongation was motivated by an oppressive prosecutorial design which has detracted from the defendant's ability to exculpate himself, *United States v. Marion, supra,* at 319, 92 S.Ct. 455; *United States v. Vispi,* 545 F.2d 328, 331 (2d Cir. 1976); *United States v. Feinberg,* 383 F.2d 60 (2d Cir. 1967), *cert. den.,* 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968). It appears that the Second Circuit has not yet ruled on whether both elements articulated in *United States v. Marion*—prosecutorial misconduct and actual prejudice—must be present to warrant such relief, *United States v. Vispi, supra,* at 332 n. 4; *United States v. Finkelstein,* 526 F.2d 517, 525 (2d Cir. 1975), *cert. den. sub., nom. Scardino v. United States,* 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976), and defense counsel urges this Court to adopt the disjunctive interpretation in cases where the Government has fostered the delay for impermissible reasons.

A close reading of the cases indicates, however, that the only open question is whether prosecutorial misconduct must be shown in addition to prejudice: the requirement that defendant be detrimentally affected has in all cases been treated as a prerequisite. Thus, in *United States v. Vispi, supra,* the Second Circuit declined to dismiss tax evasion charges on the ground of pre-information procrastination, despite the fact that the relatively uncomplicated case has been under investigation for over five years. In reaching this conclusion the court declined to speculate on the need to demonstrate the Government's bad faith, since in the absence of prejudice, the court held that the application could not succeed. Again, in *United States v. Payden,* 536 F.2d 541 (2d Cir. 1976), *cert. den.,* 429 U.S. 923, 97 S.Ct. 323, 50 L.Ed.2d 291, the Second Circuit affirmed defendant's conviction for drug trafficking, finding the 14-month interregnum between the crime and the indictment to be immaterial since:

> "Payden has not demonstrated any prejudice to himself because of the delays, which would be necessary to show a violation of his rights. See e. g. *United States v. Marion,* [citation omitted]." 536 F.2d at 544.

■ Furthermore, the motion is legally inadequate because the Court is not convinced that the bartering of an incipient indictment in exchange for an individual's cooperation in other matters necessarily constitutes misbehavior. It is within the sound discretion of the United States Attorney to determine which cases shall be brought against which defendants; in the absence of overreaching or deceit (which is not here averred), it is an entirely proper use of that discretion to forego a potential prosecution where, in the opinion of the United States Attorney, an inculpated party's aid in other matters outweighs the benefits of his prosecution.

■ Negotiations leading to such agreements may be time consuming because they frequently involve difficult questions of law or require the consent of other law enforcement officials. This does not render them improper, even where they are unsuccessfully concluded. Of course, were the Government to engage in such discussions as part of a scheme of "contrived procrastination", *United States v. Schwartz,* 535 F.2d 160, 164 (2d Cir. 1976); *United States v. Eucker,* 532 F.2d 249, 255 (2d Cir. 1976), a contrary conclusion might pertain. Again, however, defendant has not pleaded any facts which would support such a contention. It is not averred, for example, that Crisona was repeatedly importuned by the Government over a long period of time in the face of his categorical refusal to cooperate.

Nor can it be said that the indictment herein arises from a vindictive investigation, prompted by defendant's intransigence. The crime involved here was allegedly perpetrated before negotiations for Crisona's cooperation commenced. Defense counsel portrays this as an instance of "prosecutorial gamesmanship"; however apt a description this may be, the Court is not persuaded that the Government's activities were truly unsporting.

Entirely apart from its legal insufficiency, the motion at bar would have to be dismissed for its defective pleading. The claim that the pre-indictment delay was due entirely to the prosecution's unfruitful attempt to obtain Crisona's cooperation is made only upon information and belief. This transgresses the rule that factual averments in support of such applications must be made by affiants with personal knowledge, *United States v. Gillette,* 383 F.2d 843 (2d Cir. 1967).

Overlooking the improper form of the affidavit, its contents do not raise a colorable claim of misconduct. It has long been recognized that:

"Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction." *Hoffa v. United States,* 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1961), quoted in *United States v. Rubinson,* 543 F.2d 951, 961 (2d Cir. 1976).

Consequently, no presumption of bad faith or prejudice arises when indictments are brought within the allowable period, *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); *United States v. Feinberg, supra,* at 67, and a defendant must bear the burden of establishing that the delay was in violation of his rights to due process under the Fifth Amendment, *United States v. Capaldo,* 402 F.2d 821, 823 (2d Cir. 1968), *cert. den.,* 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764 (1969). Proof of such a claim must be set forth with factual particularity and attention to detail such that the averments have the "embellishing touches of probability", *United States v. Research Foundation, Inc.,* 155 F.Supp. 650, 655 (S.D.N.Y.1957).

The mere assertion that the indictment was dilatory because of the Government's vain efforts to gain Crisona's cooperation does not approach the required showing.

The moving papers do not negate the possibility that the 26-month interval was due to the desire to protect an ongoing investigation, or as this Court has come to believe on the basis of previous proceedings in this case, the identity of a key informant, both of which are legitimate reasons for delay. *United States v. Finkelstein, supra,* at 526; *United States v. Cowsen,* 530 F.2d 734, 737 (7th Cir.), *cert. den.,* 426 U.S. 906, 96 S.Ct. 2227, 48 L.Ed.2d 831 (1976); *Powell v. United States,* 122 U.S.App.D.C. 229, 232, 352 F.2d 705, 708 (1965). Consequently, since defendant's motion is legally deficient and fails to properly raise a question of fact, it is denied without hearing.

Determination of defendant's discovery requests is deferred until the Court is apprised of which items sought have or will be voluntarily provided defendant.

It is So Ordered.