### CARROLL VOCATIONAL INSTITUTE et al.

v.

### UNITED STATES.

No. 14648.

United States Court of Appeals, Fifth Circuit.

March 31, 1954.

Rehearing Denied May 7, 1954.

Allen Melton, Dallas, Tex., Thomas M. Hayes, Jr., Monroe, La., Hayes & Harkey, Monroe, La. (Wayne Hancock, Dallas, Tex., Charles C. Sorrells, Dallas, Tex., of counsel), for appellants.

Mason P. Gilfoil, Asst. U. S. Atty., T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., Samuel D. Slade, David Orlikoff, Attys., Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

The issue here is the validity of the subpoena power exercised by the Veterans' Administration under Section 131, Title 38 of the United States Code Annotated. On October 31, 1952, subpoenas were issued by the Administrator of Veterans' Affairs directing the appellant Carroll Vocational Institute to produce certain records for inspection by auditors of the Veterans' Administration. The requested information pertained to the records of the school, among which was a demand for supporting information relating to cost data furnished by the school for the negotiation of tuition rates in certain contracts entered into between the appellants and the Veterans' Administration. Since the subpoenas were not honored by the appellants, the assistance of the court in the enforcement of said subpoenas was requested pursuant to Section 133, Title 38 United States Code Annotated. The court held that the subpoena authority of the Administrator of

Veterans' Affairs, under Section 131 of Title 38, was properly exercised; and directed the appellants to comply with the subpoenas.

The appellants contend that Section 131 does not authorize the issuance of a subpoena for the production of records of training schools, but that such section only refers to an investigation concerning veterans' pensions or bonuses. They also assert that the contracts between the Veterans' Administration and appellants define the rights of each, and particularize the right of inspection by the Veterans' Administration; that if the subpoenas were issued, the information obtained as a result thereof would be used to reform the contracts, irrespective of the appellants' rights; and that the appellants would be without redress if the subpoenas were granted. We do not concur in the arguments advanced by the appellants. An analysis of the history of the applicable legislation and the proper statutory construction will show that Section 131 is appropriate to matters relating to the education of veterans. Section 131 provides that, for the purposes of the laws administered by the Veterans' Administration, the Administrator of Veterans' Affairs shall have the power to issue subpoenas for and compel the attendance of witnesses; to require the production of books, papers, documents, and other evidence; and to make investigations and to examine witnesses upon any matter within the jurisdiction of the administration.

Public Law 346, which grants educational benefits to veterans, is an amendment to Public Law 2, 73rd Congress, 38 U.S.C.A. § 701 et seq., and to Veterans' Regulation 1(a), 38 U.S.C.A. c. 12A following section 745. The provisions of said Public Law 2 are within the scope of the subpoena authority of Section 131, and the appellants concede this fact. It would follow that the provisions for educational benefits, which are an amendment to said Public Law 2, and Veterans' Regulation 1(a), are likewise within the scope of the subpoena authority. Support for this view is provided by Section 1500 of Public Law 346, 78th Congress, 38 U.S.C.A. § 697, as originally enacted, which provided that the administrative, definitive, and penal provisions under Public Law 2, 73rd Congress, as amended, should be for application under the Servicemen's Readjustment Act. Since Section 131 of Title 38 is an administrative provision under said Public Law 2, 73rd Congress, the provisions of said Section 131 are for application under the Servicemen's Readjustment Act, Section 701(f) et seq., of Title 38 United States Code Annotated. This position is further supported by H. R. Report No. 1418, May 5, 1944, on S. 1767, where the provisions which later became Section 1500 of Public Law 346 were explained to be for the purpose of integrating the provisions of the Servicemen's Readjustment Act with a system of laws and regulations based upon Public Law 2, 73rd Congress, and to provide uniform administration thereunder.

The subpoena statute clearly provides that the subpoena authority of the Veterans' Administration is to be exercised in all matters in which the administration has jurisdiction. Jurisdiction means the right to say and the power to act; and, as between agencies of the government, jurisdiction is the power of that particular agency to administer and enforce the law. United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598; United States v. Sanders, D. C., 42 F.Supp. 436; United States v. White, D.C., 69 F.Supp. 562. It then becomes necessary to ascertain whether or not the subpoena issued here applied to any matter within the jurisdiction of the Veterans' Administration. Public Laws 16 and 346, 78th Congress, provide that the administrator shall have the power and duty to provide and prescribe suitable training for veterans, including entering into contracts with public or private institutions to provide additional training facilities as they may be needed. Pursuant to the authority granted in Public Laws 16 and 346, the administrator has prescribed certain rules and

regulations in regard to the training schools for veterans. Some of these regulations require the submission of actual cost data by schools which do not have a customary cost of tuition, provide for a determination of a fair and reasonable rate of tuition based on actual cost submitted by schools, and require the execution of contracts at rates not in excess of those determined by the Veterans' Administration to be "fair and reasonable." 13 F.R. 2615, et seq.; Sections 21.530, 21.567, and 21.570 of Title 38, Code of Federal Regulations, 1949 Edition. See Metropolitan Training Center v. Gray, 88 U.S.App.D.C. 172, 188 F.2d 28.

It is apparent from the aforesaid legislation and regulations that the administrator of veterans' affairs possesses, in addition to all the usual managerial responsibilities inherent in the administration of a government agency, the particular duties of contracting with schools for the training and education of veterans, including the responsibility of making certain that the tuition rates provided by such contracts are not in excess of what is "fair and reasonable." The ascertainment of what are fair and reasonable rates is predicated upon the accuracy of cost data submitted by schools; and, in an instance of evidence indicating that cost data upon which a contract rate of tuition has been based is not true, the administrator of veterans' affairs has the duty of investigating the matter and determining the true cost data. The administrator's responsibility regarding the disbursements of large amounts of money includes not only the task of ascertaining so far as possible that all amounts disbursed are properly payable, but the responsibility of ascertaining any amounts which have been overpaid in the past, and the taking of all administrative steps to recoup such overpayments. What is primarily in issue is the right of the Veterans' Administration to examine the records of the appellant in order to check the accuracy of the cost data upon which the tuition rate was based. The subpoenas

were issued to ascertain such facts; it was not an adjudication or an attempt to reform a contract.

The appellants will be further entitled to their day in court if it should be brought to light that fraud, or any other misconduct, has been practiced. In view of the legislation and regulations thereunder, we are of the opinion that the subpoena authority of the administrator or veterans' affairs, under Section 131, Title 38 United States Code Annotated, applies to matters involving veterans' education arising under the Servicemen's Readjustment Act of 1944, § 400(a), 38 U.S.C.A. § 701(f). Accordingly, the judgment appealed from is

Affirmed.