593 P.2d 312

The STATE of Arizona, ex rel., Beverly H. JENNEY, Cochise County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF COCHISE, DIVISION I thereof, Anthony T. Deddens, Judge of the Superior Court, Retired, and Matthew Borowiec, Judge thereof and successor in office, and Sandra Austin, now known as Sandra Austin Robertson, real party in interest, Respondents.

No. 2 CA–CIV 3190.

Court of Appeals of Arizona, Division 2.

March 29, 1979.

Beverly H. Jenney, Cochise County Atty. by Patrick M. Elliston, Deputy County Atty., Bisbee, for petitioner.

Greenwood, Ryan & Herbolich, Ltd. by James B. Greenwood, Bisbee, for real party in interest Austin.

OPINION

HOWARD, Judge.

An order of the respondent court purporting to dismiss with prejudice a pending criminal prosecution against the real party in interest is challenged by the state. The state concedes that a dismissal is appropriate but contends it should have been without prejudice. Although we deny relief because we hold the order inadequate to effect a dismissal with prejudice, we assume jurisdiction to discuss the problem as one likely to recur.

The real party in interest, Austin, and one Dwyer were indicted for conspiracy to commit murder, kidnapping or aggravated assault in Cochise County. Dwyer was charged with murder in Maricopa County based on the same facts. His motion to suppress the contents of an intercepted telephone call and evidence derived therefrom was granted and upheld on appeal by Division One of this court. *State v. Dwyer*, 120 Ariz. 291, 585 P.2d 900 (App.1978).

Austin subsequently filed a motion to dismiss the Cochise County action, alleging violation of speedy trial requirements. Her motion pointed out that the state's only evidence was that which was suppressed in the *Dwyer* case.

After a hearing at which Austin and her present husband testified, the court ordered

that charges against Austin be dismissed with prejudice.

Rule 16.5(d), as amended, 17 A.R.C.P., provides:

"Dismissal of a prosecution shall be without prejudice to commencement of another prosecution, unless the court *order* finds that the interests of justice require that the dismissal be with prejudice." (Emphasis added)

We note that the statute does not say that the dismissal is with prejudice if the *court* finds that the interest of justice so requires. If that were the wording of the statute, it could be argued that the mere dismissal with prejudice implies the requisite finding. However, the statute here requires more. The order of dismissal *itself* must contain a finding that the dismissal be with prejudice. The reason for the requirement is obviously to ensure that the court, prior to dismissing a criminal case, properly balance the conflicting interests involved, society's and the defendant's, in deciding whether to make the dismissal with or without prejudice.

We therefore hold that the subject order, for lack of the finding mandated by the rule, is no more than a dismissal without prejudice.

Relief denied.

RICHMOND, C. J., and HATHAWAY, J., concur.