616 P.2d 94

**STATE of Arizona, Appellant,**

v.

**Gaylord FRIDLEY, Donald Berres, Frederick Ross, Deryl Heikes, Appellees.**

**No. 1 CA–CR 4395.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 14, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Divi-

sion, David R. Cole, Asst. Atty. Gen., Phoenix, Charles F. Hyder, Maricopa County Atty. by Thomas C. Simon, Deputy County Atty., Phoenix, for appellant.

Snell & Wilmer by Robert B. Hoffman, Robert J. Gibson, Phoenix, for appellee Fridley.

Marks, Shea & Wilks by Garrett W. Simpson, Phoenix, for appellee Berres.

Estrada & Estrada by R. George Estrada, Phoenix, for appellee Ross.

J. Douglas McVay, Phoenix, for appellee Heikes.

## OPINION

PER CURIAM:

The issue before the Court is the validity of the 1979 amendment to A.R.S. § 13–4032, Arizona's statutory authority governing the State's right to appeal in a criminal prosecution. The question has been presented in the appellees' motion to dismiss appeal and normally would be disposed of by an unpublished order. Because we conclude that the attempted amendment is void, an opinion is warranted.

The State's appeal is from the trial court's order of September 20, 1979 which dismissed the prosecution with prejudice because the State failed to comply with the trial court's previous order compelling disclosure of certain police departmental reports and the names of four confidential informants. We agree with the State and appellees that if the State has a right to appeal from the order of dismissal, the authority to do so is in subsection 1 of A.R.S. § 13–4032 which, prior to its 1979 amendment, was as follows:

An appeal may be taken by the State from:

1. An order quashing an indictment or information or count thereof.

However, prior to its 1979 amendment, this section of the statute permitted appeals only from those orders which were formerly appealable after the granting of a motion to quash. *State v. Lopez*, 26 Ariz.App. 559, 550 P.2d 113 (1976), majority opinion approved and adopted in *State v. Fayle*, 114 Ariz. 219, 560 P.2d 403 (1976). The motion to quash in Rules 166–177 of the 1956 Rules of Criminal Procedure related to defects in the information, indictment, or grand jury proceedings and would not include the granting of a motion to dismiss for failure to comply with discovered orders. The fact that the *effect* of the dismissal may have been the same as quashing an indictment or information does not command a different result as argued by the State. This position was advanced in the dissenting opinion in *Lopez* and specifically rejected by the Arizona Supreme Court in *Fayle*.

Because the order would not have been appealable prior to the 1979 amendment, the constitutional status of the amendment becomes critical, as it is arguable that the dismissal in this case falls within the amended subsection 1 which would permit the State to appeal from "an order quashing *or dismissing* an indictment, information or complaint. . . ." [1] The attempted amendment is subject to constitutional attack on two fronts: First, because it was not passed by a majority of each house of the State Legislature and second, because the full bill was not set forth with the amendment. An outline of the procedural errors which occurred during the passage of the bill must be given.

The 1979 amendment to A.R.S. § 13–4032 was submitted as House Bill 2347 (Chapter

---

1. We use the word "arguable" because it is not entirely clear whether the Legislature amended the statute in the wake of *Lopez* and *Fayle* or whether it had the limited purpose of providing the State's right to appeal from the dismissal of a complaint, a right which was not previously available. *State v. Kingman Justice Precinct Court of Mohave County*, 88 Ariz. 342, 356 P.2d 694 (1960) and *State v. Spitz*, 15 Ariz.App. 120, 486 P.2d 800 (1971). If it had intended to permit the government to appeal from all contested dismissals of the prosecution as has recently been done in the federal arena, *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), the word "quashing" should have been stricken. Charging documents which are defective are no longer quashed, they are dismissed pursuant to Rule 16.5, Rules of Criminal Procedure, 17 A.R.S.

74, Laws 1979) and was in two pages. Page one amended A.R.S. § 13–4031 and the first five subsections of A.R.S. § 13–4032. The remaining three subsections of A.R.S. § 13–4032 appeared on page two.

With both pages intact, the bill passed the House on March 15, 1979 and was sent to the Senate. In the Senate, the Judiciary Committee amended the bill on April 5, 1979 by striking out the words "to the Court of Appeals" in proposed amended § 13–4031. With this minor amendment the bill passed the Senate on April 12, 1979 and was sent back to the House. At this point, for reasons which cannot be discerned from the Legislative Journals but apparently due to a clerical error, the bill was sent back to the House with only the first page. The bill was then passed by the House on April 16, 1979 as intentionally amended by the Senate and unintentionally incompleted by virtue of the clerical mistake. The single page of the bill was sent on to the Governor for his approval. It was signed, returned to the House and filed with the Office of the Secretary of State on April 18, 1979. It became effective July 21, 1979.[2]

The Arizona Constitution, Article 4, Part 2, Section 15, requires a majority vote by each House before passage and Article 4, Part 2, Section 12 requires that where a bill passes one House and its amended by another, it must return to the original House for final passage. *Cox v. Stults Eagle Drug Company*, 42 Ariz. 1, 21 P.2d 914 (1933) reversed on other grounds, *State v. Cox*, 43 Ariz. 174, 30 P.2d 825 (1934). See also *I Sutherland Statutory Construction*, Section 14.09. Under the facts outlined above, the clerical error occurred after the bill was considered in full by the Senate. Even if it is assumed that the House considered the single page bill erroneously returned to it, there was no such consideration by the Senate. Thus, the enactment failed to satisfy these constitutional provisions.

In addition, the bill as passed did not satisfy Article 4, Part II, Section 14 of the Arizona Constitution which provides as follows:

No act or section thereof shall be revised or amended by mere reference to the title of such Act, but the Act or section as amended shall be set forth and published at full length.

This constitutional provision is designed to prevent amendments by merely striking out or adding sentences in a contextual vacuum. *In re Miller*, 29 Ariz. 582, 244 P. 376 (1926). In *Miller*, the Supreme Court held that under the language of this constitutional provision, sections of an act could be amended by setting forth only the amended sections and without setting forth the entire act in full. Whether subsections could be equally amended was not addressed. We are aware that other jurisdictions have permitted such amendments where sufficient notice is given in the title. *See IA Sutherland Statutory Construction*, Section 22.28. Here, the title of the act specifically states that it was amending Sections 13–4031 and 13–4032. There was no references to subsections. Without § 13–4032 being set out in full, in the bill which was passed, the constitutional provision was violated. We hold therefore that the 1979 attempted amendment to A.R.S. § 13–4032 is void as a constitutionally defective enactment and the statute as it existed prior to the attempted amendment is in full effect. *State v. Dixon*, 530 S.W.2d 73 (Tenn. 1975), *State v. Kolocotronis*, 73 Wash.2d 92, 436 P.2d 774 (1966).

Appeal dismissed.

EUBANK, P. J., and HAIRE, and O'CONNOR, JJ., concur.

---

**2.** The indictments in this case were filed on February 16, 1978, prior to the effective date of the 1979 amendment. However, the trial court's order dismissing the prosecution was entered on September 20, 1979 and the appeal was filed on October 10, 1979, both after the effective date of the statute. For purposes of this appeal, we have assumed that the 1979 amendment would apply to the State's appeal.