625 P.2d 360

**STATE of Arizona, Appellant,**

v.

**Moses Albert COURY and Pearl Elaine Reynolds, Appellees.**

**No. 1 CA–CR 4486.**

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 27, 1981.

Rehearing Denied March 5, 1981.

Review Denied March 24, 1981.

Charles F. Hyder, former Maricopa County Atty. by Herbert Williams, Deputy County Atty., Phoenix, for appellant.

Thinnes & Rawles by Thomas A. Thinnes, Thomas V. Rawles, Phoenix, for appellee Coury.

Kemper & Henze by James H. Kemper, Phoenix, for appellee Reynolds.

OPINION

OGG, Judge.

This appeal by the State challenges two separate superior court orders. The first was an order of December 4, 1979 suppressing pre-trial statements of appellee Coury on the grounds that the statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The second was an order of December 5, 1979 dismissing *with prejudice* the burglary and theft charges against both appellees for failure of the State to prosecute appellants within the speedy trial time limits of rule 8, Rules of Criminal Procedure. We find that the dismissal with prejudice is *res judicata*, and therefore the attempted appeal from the suppression order is moot.

On December 5, 1979, the last day for trial under rule 8, the attorney for the State and the attorneys for appellees ap-

peared in Judge Myers' court and announced that they were ready to proceed to trial. The State made an oral motion to stay the trial proceedings to permit it to file a special action in this Court contesting Judge Myers' December 4, 1979 suppression order. This motion was denied, and the State then orally argued its previously filed motion for sanctions for alleged failure of appellee Coury to comply with the State's discovery requests. This motion was also denied by Judge Myers.[1] Thereafter, because Judge Myers' court was not available, the matter was transferred to Judge Hughes' court where a jury panel was ready for selection.

In Judge Hughes' court, the State moved to dismiss the prosecution without prejudice under rule 16.5, Rules of Criminal Procedure. Judge Hughes initially granted the State's motion to dismiss the prosecution without prejudice. However, after further argument by appellees that the State's motion was made to circumvent the speedy trial requirements of rule 8, the court ordered that the case be dismissed *with* prejudice.

Dismissal of a prosecution without prejudice was recommended in *State v. Million*, 120 Ariz. 10, 583 P.2d 897 (1978), for situations where the State desires to exercise its appeal rights from a suppression order under A.R.S. § 13–4032(7). In *Million*, the prosecution was dismissed upon the State's motion. In contrast, in the present case, the dismissal with prejudice was upon the appellees' motion and was based upon the State's failure to comply with rule 8. In *State v. Fridley*, 126 Ariz. 419, 616 P.2d 94 (1980), this court held that an order of dismissal with prejudice is substantively non-appealable by the State, and it may only be attacked by special action. No special action was taken from the trial court's order of dismissal in this case, and it became final on December 26, 1979. *Cf. State v. Mahoney*, 25 Ariz.App. 217, 542 P.2d 410 (1975), (court stated a special action may be filed after the 20 day period for appeals has elapsed where good cause for the delay is shown).

As to the State's appeal from the December 4, 1979 order granting suppression, although it was substantively appealable under A.R.S. § 13–4032(7) and *State v. Fridley, supra*, it has been rendered moot by the dismissal of the prosecution with prejudice which prevents further prosecution under rule 16.5(d).

In *Million*, the suggested procedure of the State dismissing the prosecution under rule 16.5 was based largely upon the policy considerations expressed in *State v. Lelevier*, 116 Ariz. 37, 567 P.2d 783 (1977), that the defendant should not be left sitting in jail indefinitely waiting for the Damoclean sword of prosecution to fall. We stress again that here the dismissal was not based upon the State's motion but upon the appellees' argument of failure of prosecute, and therefore does not fall within the suggested procedure of *Million*. Rule 16.5(a) specifically precludes the State from dismissing the prosecution to avoid the provisions of rule 8.

Because the trial court's order of December 5, 1979 dismissed the prosecution with prejudice which, under rule 16.5(d) precludes commencement of further prosecution and the order became final, the State's attempted appeal from the suppression order is moot. This appeal is dismissed.

WREN, J., and McFATE, J. (Retired), concur.

---

1. The State has argued in its brief before this Court that the order denying sanctions was in error. However, the State did not appeal from this order, nor is it authorized to do so under A.R.S. § 13–4032. In addition, in light of the dismissal of the appeal, this issue is also moot.