629 P.2d 83

**RURAL/METRO CORPORATION, an Arizona Corporation, Appellee,**

v.

**ARIZONA CORPORATION COMMIS-SION, and Bud Tims, James Weeks and John Ahearn, in their capacities as members of said Commission, Appellants.**

No. 15282–PR.

Supreme Court of Arizona,
En· Banc.

May 4, 1981.

Rehearing Denied June 2, 1981.

Robert K. Corbin, Atty. Gen. by Thomas Prose, Asst. Atty. Gen., Phoenix, for appellants.

Robert C. Howard, Jr. and Louis G. Jekel, Scottsdale and Ajamie, Fay & Webb by Richard E. Fay, Phoenix, for appellees.

HAYS, Justice.

We granted the petition for review in this case for the limited purpose of addressing one issue in this appeal. The portions of the Court of Appeals opinion, 129 Ariz. 119, 629 P.2d 86, (1980), which discuss that issue,

and the holding, are vacated. The judgment of the trial court is affirmed.

Rural/Metro Corporation is a privately owned corporation engaged in the business of providing fire protection service to property not protected by a municipal fire department or a fire district. Back in 1971 Rural/Metro sought and received from the Corporation Commission a certificate of convenience and necessity for providing fire protection services to certain areas. In October of 1979 the Commission issued the following decision:

"First aid calls and community service calls are not services which may be provided by Rural/Metro in its capacity as a public service corporation."

Rural/Metro then filed a special action in Superior Court seeking to question its status as a public service corporation under the jurisdiction of the Commission. After hearing, the trial court entered a judgment for Rural/Metro.

The issue which we wish to address is: May the legislature expand the Commission's jurisdiction so as to give "public service" designation to businesses not specifically mentioned in Article 15, § 2 of the Arizona Constitution?

The Commission urges that there are no limitations on the right of the legislature to extend the Commission's powers and duties even to the extent of enlarging the numbers and the types of businesses which fall into the public service category. This position is in conflict with the following statement in *Menderson v. City of Phoenix*, 51 Ariz. 280, 76 P.2d 321 (1938):

The reasonable and natural construction of section 6, supra, is not that the legislature may enlarge the jurisdiction granted by the Constitution to the Corporation Commission to include subject matter obviously intended to be excluded from such jurisdiction, but that it may enlarge or extend the powers and duties of the Commission over the subject matter of which it has already been given jurisdiction, and other matters of the same class, not expressly or impliedly exempt by other provisions of the Constitu-

tion. Such a construction of section 6, supra, is in harmony with our general scheme of government and with all other provisions of the Constitution. The construction contended for by plaintiff would outrage both. *Id.* at 285, 76 P.2d at 323.

We are asked to ignore the implication of the foregoing words and to take the position that *Menderson, supra,* has no weight except as to the question of the Commission's regulating public service activities of municipal corporations. However, as recently as 1969 we find the court in *Arizona Corporation Commission v. Superior Court*, 105 Ariz. 56, 62, 459 P.2d 489, 495 (1969), quoting with approval the same words from *Menderson, supra,* which we quoted above.

The Arizona Supreme Court has consistently held that the Corporation Commission has no implied powers. *Southern Pacific Co. v. Arizona Corporation Commission*, 98 Ariz. 339, 345, 404 P.2d 692, 696 (1965). Specifically, this court has stated that such powers as the Commission may exercise do not exceed those to be derived from a strict construction of the constitution and *implementing* statutes. *Williams v. Pipe Trades Industry Program of Arizona*, 100 Ariz. 14, 17, 409 P.2d 720, 722 (1966); *Southern Pacific Co. v. Arizona Corporation Commission, supra.*

It is significant that "statutes" is qualified by the term "implementing." This qualification would suggest that the legislature may only enact statutes conferring powers upon the Commission which give practical effect to and ensure the actual fulfillment of the pertinent constitutional provisions governing the authority of the Commission. Thus, in *Williams v. Pipe Trades Industry Program of Arizona, supra,* the court stated:

The Constitution does not authorize the Commission to issue public certificates of convenience and necessity, but by Article 15, § 6 of the Constitution the legislature is empowered to enlarge the powers and duties of the Commission. The legislature has, indirectly, authorized the Com-

mission to issue certificates of public convenience and necessity in certain instances. 100 Ariz. at 17, 409 P.2d at 722.

The court went on to list, as an example, former A.R.S. § 40–281 (the statute now under consideration), which authorized the issuance of certificates of public convenience and necessity to corporations which fell *within* the definition of public service corporations under Article 15, § 2. Again, this is a strong indication that Article 15, § 6 allows the legislature to extend the powers and duties of the Commission only with regard to those powers already granted by the constitution. *Accord, Arizona Corporation Commission v. Superior Court, supra.*

■ The Commission points out that Article 15, § 6 of the Arizona Constitution authorizes the law-making authority, the legislature, to enlarge the powers and extend the duties of the Commission and urges that we give the same meaning to the words "jurisdiction" and "power." The terms "jurisdiction" and "power" are not synonymous when used in a legal sense. The distinction between the two words is well stated in *Delaware River Port Authority v. Pennsylvania Public Utility Commission*, 408 Pa. 169, 182 A.2d 682 (1962), where the Supreme Court of Pennsylvania said:

"Jurisdiction" and "power" are not interchangeable although judges and lawyers often confuse them (citations omitted). Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result. *Id.* at 178, 182 A.2d at 686.

Jurisdiction, then, when used to refer to the authority of a particular governmental body, refers to subject matter, whereas power relates to administrative and enforcement characteristics of a particular governmental body or agency. *See Carroll Vocational Institute v. United States*, 211 F.2d 539, 540 (5th Cir. 1954), *cert. denied*, 348 U.S. 833, 75 S.Ct. 56, 99 L.Ed. 657 (1954).

■ Article 15, § 6 of the Arizona Constitution does not allow the legislature to give "public service corporation" designation to corporations not listed in Article 15, § 2. Accordingly, A.R.S. § 40–281 is unconstitutional insofar as it attempts to expand the Commission's jurisdiction to regulate businesses as public service corporations although not defined as such under Article 15, § 2.

Judgment of the trial court is affirmed, and the matter is remanded for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.