637 P.2d 300

**STATE of Arizona, Appellee,**

v.

**Ignacio Garcia DOMINGUEZ, Appellant.**

No. 2 CA–CR 2298.

Court of Appeals of Arizona,
Division 2.

Sept. 17, 1981.

Rehearing Denied Nov. 5, 1981.

Review Denied Dec. 1, 1981.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Barry J. Baker Sipe, Asst. Public Defender, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

The issue on appeal is whether a prosecutor during plea negotiations may threaten a defendant with a greater charge, supported by the facts, when an indictment on a lesser charge has been returned by the grand jury. We hold that he may.

Appellant was indicted by a grand jury for endangerment involving a substantial risk of imminent death, a felony. A.R.S. § 13–1201. An allegation of dangerous nature was filed simultaneously. The charge arose out of an altercation that occurred on August 30, 1980. Appellant and several friends who had been drinking attempted to crash a party. They were ejected. When they returned a fight developed. Appellant was chased, stabbed in his leg, and slashed twice across his back with a knife. He went home, got a rifle, and returned to the party. He shot in the air to stop the beating of one of his friends. He shot twice in the direction of the house. No one was hit and neither shot hit that house. The next day police discovered that a bullet had passed into a neighboring house through a window but no one was hurt.

At his arraignment, appellant pled not guilty to the charge and denied the dangerous nature allegation. During plea negotiations, the prosecutor offered to stipulate to the minimum term of 1.5 years imprisonment, with parole eligibility in 0.75 years, if appellant pled guilty as charged. If appellant refused to plead guilty, the prosecutor would move to dismiss the endangerment charge and charge appellant with aggravated assault of a dangerous nature. If convicted, the sentencing range would be five to fifteen years with a presumptive term of 7.5 years. No probation would be available and appellant would be parole ineligible for two-thirds of the sentence imposed.

Appellant pled guilty to felony endangerment. The judge who accepted his plea was informed that the prosecutor had threatened to charge appellant with aggravated assault, dangerous nature, if he did not accept the bargain offered. After full examination of appellant's knowledge of the agreement and his rights, the court found that the plea was made voluntarily with full knowledge of the consequences and that appellant knowingly and intelligently waived his constitutional rights.

Appellant argues that his plea was not made voluntarily because the prosecutor's threat to charge him with aggravated as-

**499**

sault denied his right to due process. He contends that the threat was not supported by new or intervening facts previously unknown to the prosecution nor was it simply a threat to add additional charges for the same incident.

Appellant relies on *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to support his assertion that the prosecutor's action gave the appearance of vindictivness. However, both cases are distinguishable from appellant's situation. Both dealt with prosecutorial action upon retrial after the defendant exercised his right to appeal. Neither case dealt with the plea bargaining situation.

In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court held that the concept of protection from prosecutorial vindictiveness approved in *Pearce* and *Perry* does not apply to on-going plea negotiations because there is no "element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Id. at 363, 98 S.Ct. at 668, 54 L.Ed.2d at 661. In *Bordenkircher*, the prosecutor knew of the facts that justified a higher charge at the time of the indictment, the facts supported probable cause for the higher charge, the higher charge was not presented to the grand jury, and the prosecutor threatened to charge the defendant with a higher crime if he did not plead guilty. Appellant's circumstances can be described in a similar manner.

In his reply, appellant seeks to distinguish *Bordenkircher* by describing the prosecutor's action there as adding a recidivist charge as opposed to changing the basic charge which was threatened in his case. This distinction is not in appellant's favor. In *Bordenkircher* the Court viewed the defendant's situation as only the reverse from his having been indicted for the more serious charge and the prosecutor's offering to reduce the charge in return for a guilty plea. In this respect, appellant's situation is indistinguishable from that of the defendant in *Bordenkircher*.

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.