661 P.2d 651

The STATE of Arizona, Appellant,

v.

Ward William SCHNEIDER, Appellee.

No. 2 CA–CR 2447.

Court of Appeals of Arizona,
Division 2.

Nov. 26, 1982.

Rehearing Denied Feb. 23, 1983.

Review Denied March 22, 1983.

Stephen D. Neely, Pima County Atty. by Barbara LaWall, Deputy County Atty., Tucson, for appellant.

Frederic J. Dardis, Pima County Public Defender by Carol Wittels, Asst. Public Defender, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

The issue on appeal is whether the prosecution may file additional charges after the defendant has requested a jury trial on the pending charge. We hold that it may.

The factual scenario depicted in the record follows. A man carrying a shotgun and wearing a blue and white bandana on his face forcefully entered the home of a Sahuarita couple on the evening of January 15, 1981. The man fled after a few minutes in a blue and white pickup truck. A short while later the appellee, who was driving a blue and white pickup truck fitting the description of the truck used by the assailant, was stopped by a deputy sheriff. The deputy observed a blue and white bandana sticking out of his pocket. Appellee was then identified by the victims as the man who entered their home and he was placed under arrest. A subsequent search of his truck revealed a sawed-off shotgun.

On January 22, appellee was indicted by a grand jury for possessing or transporting a prohibited weapon and was offered an open-ended plea by the prosecutor to the charge contained in the indictment. It is disputed as to whether or not appellee was notified of the possibility that more serious charges would be filed if he refused to plead guilty.

On May 5, shortly after appellee informed the prosecutor that he would exercise his right to a jury trial instead of pleading guilty, the prosecutor sought and obtained a second grand jury indictment against appellee, this time for attempted first-degree burglary and aggravated assault, including an allegation that the offenses were of a dangerous nature.

Appellee's motion to dismiss the charges contained in the second (May 5) indictment on the ground of vindictive prosecution, was granted by the trial court on June 15.

Shortly after the granting of appellee's motion to dismiss, the prosecutor refiled the charges. Appellee then petitioned the trial court to amend the granting of the June 15 motion to dismiss to read "with prejudice." The trial court granted the motion to amend on July 16 and the state appeals from this ruling.

The basic question to be decided is whether, under the circumstances of this case, a prosecutor may charge a criminal defendant with a more serious offense after he has elected to exercise his right to a jury trial. However, we must first consider two procedural arguments which appellee raises in favor of dismissing this appeal.

Appellee first contends that the state's notice of appeal was untimely because it was filed more than 20 days after the June 15 order dismissing the enhanced charges and for that reason should be dismissed. This contention is meritless since the order of June 15 reads "the motion to dismiss is granted." Rule 16.5, Rules of Criminal Procedure, provides:

"d. Effect of Dismissal. Dismissal of a prosecution shall be without prejudice to

commencement of another prosecution, unless the court order finds that the interests of justice require that the dismissal be with prejudice."

■ Thus, the June 15 dismissal was deemed to be without prejudice and the prosecution was free to refile the dismissed charges. The time for appeal began to run on July 16, the date on which the trial court amended the original dismissal order to be "with prejudice." Notice of appeal was filed on July 21, well within the 20-day time limit prescribed by 17 A.R.S., Rules of Criminal Procedure, Rule 31.3.

■ The second procedural argument advanced by appellee is based on the notion that a motion to dismiss with prejudice is not substantively appealable but must instead be attacked by a special action. To support his argument appellee relies on *State v. Coury,* 128 Ariz. 297, 625 P.2d 360 (App.1981), and *State v. Fridley,* 126 Ariz. 419, 616 P.2d 94 (App.1980). Although these two cases do in fact support appellee's argument, both cases were effectively overruled by the legislative reenactment of A.R.S. § 13–4032 which now provides:

"An appeal may be taken by the state from:

1. An order dismissing an indictment, information or complaint or count of an indictment, information or complaint."

Thus, appellee's second contention is also without merit, and we will now consider the question of whether the trial court erred in granting appellee's motion to dismiss with prejudice.

The state relies on the following facts to support the propriety of seeking a second indictment on the more serious charges. The prosecutor knew appellee's conduct was more serious than reflected by the original charges, the enhanced charges were supported by probable cause, and the enhanced charges had not been presented to the grand jury which issued the original indictment on the lesser charge. These facts, the state argues, make this case indistinguishable from *State v. Dominguez,* 130 Ariz. 498, 637 P.2d 300 (App.1981), a recent case in which we applied the rule enunciated by the U.S. Supreme Court in *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), upholding the propriety of threatening a defendant with an indictment on more serious charges if he should refuse to plead guilty.

■ Appellee argues that since he had no notice that his refusal to plead guilty to the initial charge would subject him to more serious charges distinguishes his case from *Dominguez* and *Bordenkircher.* He contends that because he had no notice of the possibility that he would be indicted on more serious charges if he did not plead guilty, he was deprived of the opportunity to make an informed choice of pleas and cites *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Appellee claims that issuance of the second indictment under the circumstances of this case appears to be a retaliatory move by the prosecution, a punishment for the exercise of a constitutionally protected right, the right to a jury trial.

Since this case has been submitted to the court, the U.S. Supreme Court has released *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), wherein the court specifically addresses a pretrial decision by the prosecution to modify charges. The court pertinently observes:

"There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the state has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the state has discovered and assessed all of the information against an accused and has made a determination, on the basis of that informa-

tion, of the extent to which he should be prosecuted. Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." 457 U.S. at 381, 102 S.Ct. at 2493, 73 L.Ed.2d at 85.

The defendant in *Goodwin* was indicted for a felony offense after he elected to exercise his right to a jury trial on a misdemeanor charge based on the same incident. The United States Supreme Court acknowledged that a defendant before trial is expected through the invocation of procedural rights to impose some burdens upon the prosecution, and that pretrial motions routinely are filed and that the defendant may exercise his right to be tried by a jury. The court asserts that:

"It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter. The invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates.

Thus, the timing of the prosecutor's actions in this case suggests that a presumption of vindictiveness is not warranted. A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. As we made clear in *Bordenkircher,* the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." 457 U.S. at 381, 102 S.Ct. at 2493, 73 L.Ed.2d at 86.

In specifically addressing the respondent's argument in *Goodwin* that the presumption of vindictiveness was warranted because a jury trial was requested, the court stated:

"We cannot agree. The distinction between a bench trial and a jury trial does not compel a special presumption of prosecutorial vindictiveness whenever additional charges are brought after a jury is demanded. To be sure, a jury trial is more burdensome than a bench trial. The defendant may challenge the selec-

tion of the venire; the jury itself must be impanelled; witnesses and arguments must be prepared more carefully to avoid the danger of a mistrial. These matters are much less significant, however, than the facts that before either a jury or a judge the State must present its full case against the accused and the defendant is entitled to offer a full defense. As compared to the complete trial de novo at issue in *Blackledge,* a jury trial—as opposed to a bench trial—does not require duplicative expenditures of prosecutorial resources before a final judgment may be obtained. Moreover, unlike the trial judge in *Pearce,* no party is asked 'to do over what it thought it had already done correctly.' A prosecutor has no 'personal stake' in a bench trial and thus no reason to engage in 'self-vindication' upon a defendant's request for a jury trial. Perhaps most importantly, the institutional bias against the retrial of a decided question that supported the decisions in *Pearce* and *Blackledge* simply has no counterpart in this case." 457 U.S. at 383, 102 S.Ct. at 2494, 73 L.Ed.2d at 86.

The order dismissing the indictment is vacated and the indictment is reinstated.

HOWARD, C.J., and BIRDSALL, J., concur.