811 P.2d 375

**STATE of Arizona, Appellant,**

v.

**Frank Robert MARQUESS, Appellee.**

**No. 1 CA–CR 89–1205.**

Court of Appeals of Arizona,
Division 1, Department C.

May 14, 1991.

Richard M. Romley, Maricopa County Atty. by John R. Gustafson and H. Allen Gerhardt, Deputy County Attys., Phoenix, for appellant.

Debus & Kazan, Ltd. by Lawrence I. Kazan, Phoenix, for appellee.

OPINION

BROOKS, Judge.

The state appeals from the trial court's order dismissing an indictment with prejudice. We find no reversible error and therefore affirm.

## PROCEDURAL HISTORY

On April 25, 1988, a Maricopa County grand jury indicted Frank Robert Marquess (defendant) for one count of manslaughter, a class 3 felony in violation of A.R.S. section 13–1103, and one count of endangerment, a class 6 felony in violation of A.R.S. section 13–1201. The prosecution arose from a motor vehicle accident in which James Hilliard was killed. Marta Redondo, the only eyewitness, was also involved in the accident.

On November 4, 1988, the state filed a motion to dismiss the case against defendant without prejudice, giving the following reason:

> The credibility of the State's only eye witness has been called into question, and the State has been unable to contact the witness to reconcile the various statements she has made.

Judge Rebecca Albrecht of the Maricopa County Superior Court entered an order dismissing the action without prejudice. The order provided that the dismissal would automatically convert to a dismissal with prejudice if the state did not refile the action within thirty days.

On December 8, 1988, defendant filed a motion seeking to have the dismissal designated a dismissal with prejudice because the state had not refiled the charges within the allotted time. The motion stated that the deputy county attorney who was responsible for the case had indicated that the state did not intend to refile. In the absence of any response or objection by the state, the court issued a minute order which confirmed that the matter was dismissed with prejudice in conformance with its earlier order.

Seven months later, after several newspapers published articles criticizing the alleged mishandling of the case by the prosecutor, Judge Albrecht issued an order requiring the parties to appear and show cause why the order dismissing the case with prejudice should not be vacated. Following oral argument on the order to show cause, Judge Albrecht made the following findings: 1) her previous order dismissing the charges with prejudice was consistent with the intent of both parties, 2) the order became final when neither of the parties sought review of it, and 3) none of the rules, statutes, or case law applicable to final judgments provided any basis for vacating the order under the circumstances in question.

While the order to show cause was pending, the state returned to the Maricopa County grand jury and obtained a new indictment based upon the same charges as those that had previously been dismissed. The charges in the new indictment were assigned to Judge Peter T. D'Angelo for trial. Defendant moved to dismiss, arguing that res judicata principles precluded the state from refiling the charges because the prior dismissal constituted a final judgment on the merits. The state opposed the motion, contending that Judge Albrecht's order was not a dismissal with prejudice because it did not include the finding mandated by Rule 16.5(d) of the Arizona Rules of Criminal Procedure that the "interests of justice" required that the action be dismissed with prejudice. The state maintained that in the absence of such an express finding, the order was effectively only a dismissal without prejudice and it was therefore free to refile the charges. Judge D'Angelo granted defendant's motion and dismissed the new indictment with prejudice. The state filed a timely appeal to this court.

### DISCUSSION

We initially address defendant's argument that this court should dismiss the instant appeal because it lacks jurisdiction to consider the issue raised. Defendant bases this assertion upon the premise that

in filing the second indictment, the state was attempting a collateral attack upon Judge Albrecht's order dismissing the first indictment. He maintains that since the order became final when the state did not seek review of it, neither the trial court nor this court has jurisdiction to consider an action based upon the second indictment. We disagree.

The term "jurisdiction" relates to a court's competency to determine controversies of the general class to which the case then presented for its consideration belongs. *Rural/Metro Corp. v. Arizona Corp. Comm'n*, 129 Ariz. 116, 629 P.2d 83 (1981). Article 6, section 14 of the Arizona Constitution gives the superior court original jurisdiction of criminal cases amounting to a felony. Since the second indictment charged defendant with two felonies, manslaughter and endangerment, the superior court had jurisdiction to consider the action based upon it.

By the same token, A.R.S. section 12-120.21 gives this court jurisdiction of all actions permitted by law to be appealed from the superior court except criminal actions in which the death penalty has been imposed. Arizona Revised Statutes sections 13-4031 and 13-4032(1) permit the state to appeal from an order dismissing an indictment. This court therefore has jurisdiction to consider the state's appeal from the trial court's order dismissing the second indictment.

We next address the state's argument on the merits. Rule 16.5(d), Arizona Rules of Criminal Procedure, provides as follows:

Dismissal of a prosecution shall be without prejudice to commencement of another prosecution, unless the court order finds that the interests of justice require that the dismissal be with prejudice.

Judge Albrecht's order dismissing the charges against defendant with prejudice did not include a finding that the interests of justice required such a result. Division Two of this court has held that such an order is effectively only a dismissal without prejudice. *State ex rel. Jenney v. Superi-*

*or Court,* 122 Ariz. 89, 593 P.2d 312 (App. 1979). In reaching this decision, the court reasoned as follows:

> We note that the statute [Rule 16.5(d) ] does not say that the dismissal is with prejudice if the *court* finds that the interest of justice so requires. If that were the wording of the statute, it could be argued that the mere dismissal with prejudice implies the requisite finding. However, the statute here requires more. The order of dismissal *itself* must contain a finding that the dismissal be with prejudice. The reason for the requirement is obviously to insure that the court, prior to dismissing a criminal case, properly balances the conflicting interests involved, society's and the defendant's, in deciding whether to make the dismissal with or without prejudice.

*Id.* at 90, 593 P.2d at 313. (Emphasis in original.) *See also Quigley v. City Court,* 132 Ariz. 35, 643 P.2d 738 (App.1982). We agree with Division Two's conclusion that Rule 16.5(d) requires that a specific finding be made in the order. Our supreme court reached the same conclusion in *State v. McDonald,* 117 Ariz. 159, 571 P.2d 656 (1977). However, the court held in *McDonald* that in the absence of a specific finding, it could nevertheless be presumed that the requisite determination had been made.

*McDonald* was decided under the previous version of Rule 16.5(d).[1] Its provisions were the reverse of the rule's current provisions: dismissal of a prosecution was to be with prejudice unless the court in its order found that the interests of justice required that the dismissal be without prejudice. In examining an order that purported to dismiss without prejudice, the *McDonald* court made the following observation:

> Although the court below did not state, as Rule 16.7(d) then required, that the dismissal was "in the interests of justice", we think that can be presumed; otherwise the lower court would have ordered the dismissal with prejudice.

*Id.* at 162, 571 P.2d at 659.

We do not believe that the fact that the rule's provisions have now been reversed requires a different result. In light of *McDonald,* we hold that it can be presumed that Judge Albrecht found that dismissal of the prosecution against defendant with prejudice was in the interests of justice due to the state's purported lack of evidence and apparent intention not to re-file the charges. When the state did not seek reconsideration or review of this order, it became final. *State v. Coury,* 128 Ariz. 297, 625 P.2d 360 (App.1981) (order dismissing indictment with prejudice became final when the state failed to seek review). Consequently, further prosecution is precluded. *Id.* at 298, 625 P.2d at 361. The trial court's order dismissing the second indictment is therefore affirmed.

SHELLEY, P.J., and GERBER, J., concur.

1. The rule was formerly designated Rule 16.7(d).