NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

ANTHONY LEON DELGADO, *Appellee*.

No. 1 CA-CR 21-0505
FILED 8-4-2022

Appeal from the Superior Court in Yuma County
No. S1400CR202100188
The Honorable Brandon S. Kinsey, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellant*

Yuma County Public Defender's Office, Yuma
By Robert J. Trebilcock
*Counsel for Appellee*

_____

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

_____

**B A I L E Y**, Judge:

¶1   The State of Arizona appeals the superior court's order dismissing with prejudice an indictment against Anthony Leon Delgado based on the State's violation of an order in limine. For the following reasons, we reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

¶2   Delgado was indicted in February 2021 on one count of theft for allegedly taking money from his employer.

¶3   The State had evidence that one of Delgado's former employers had suspected him of theft and fired him. Before trial, Delgado moved for an order in limine to preclude evidence of Delgado's "dismissal from [his former employment]," based on Arizona Rule of Evidence 404's prohibition on admitting other acts evidence to prove a propensity to commit the charged crime. *See* Ariz. R. Evid. 404(b)(1). The court granted the motion in part, precluding only "the allegation of money being missing [from Defendant's prior employer] from any testimony to be presented to the jury." The order did not preclude evidence that Delgado's former employment had been terminated.

¶4   At trial, Delgado testified and when asked by his counsel how he got a job with the victim employer, he stated:

> Word of mouth. I was friends with the owner's daughter and I was looking for a change of pace in my current job and I mentioned to her that I was looking for a change of pace and she got me a job the next day.

¶5   On cross-examination, the prosecutor asked whether Delgado testified that he had left his former employment "voluntarily." Delgado's counsel objected and after a brief discussion, the court sustained the objection. The prosecutor then asked Delgado to clarify whether his testimony that he had left for a "change of pace" meant that he left

voluntarily—to which Delgado answered, "Yes." Defense counsel did not object during this colloquy.

¶6         In the State's rebuttal case, the prosecutor recalled the owner of Delgado's victim employer and asked whether Delgado had left his job with the former employer voluntarily. Defense counsel timely objected, before the witness could answer, and at a bench conference moved for a mistrial. The court did not rule on the motion but stated, for the first time, that "any evidence that he was fired from his job" was precluded as more prejudicial than probative. *See* Ariz. R. Evid. 403. After an extended recess, during which Delgado also asked that the charge be dismissed with prejudice, the court granted the mistrial motion and dismissed the indictment with prejudice, finding "that the question alone [whether Delgado left his former employment voluntarily] is enough to taint the jury."

¶7         The State timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 13-4032(1).

## DISCUSSION

¶8         We review the dismissal of an indictment with prejudice for an abuse of discretion. *State v. Trani*, 200 Ariz. 383, 384, ¶ 5 (App. 2001). "Generally, a court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision." *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001) (citations omitted).

¶9         "Dismissal of a prosecution is without prejudice to commencing another prosecution, unless the court finds that the interests of justice require that the dismissal to be with prejudice." Ariz. R. Crim. P. 16.4(d). "[A] mistrial based on prosecutorial misconduct generally does not bar a later retrial" and "dismissal of an indictment with prejudice on the ground of prosecutorial misconduct is rare." *Trani*, 200 Ariz. at 384, ¶ 5 (quoting *State v. Young*, 149 Ariz. 580, 585 (App. 1986)). Prerequisite to such a dismissal, the prosecution must engage in misconduct—"conduct that 'is not merely the result of legal error, negligence, mistake, or significant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial.'" *State v. Martinez*, 221 Ariz. 383, 393, ¶ 36 (App. 2009) (quoting *Pool v. Superior Ct.*, 139 Ariz. 98, 108-09 (1984)).

¶10        The court did not expressly find that the interests of justice required dismissal with prejudice but made other findings describing its reasoning.  *See State v. Marquess*, 168 Ariz. 123, 126 (App. 1991) (when the court dismisses an indictment with prejudice, the interest of justice finding may be implied).  The court found that the prosecutor had been precluded from admitting evidence about Delgado's prior employment but sought to do so anyway by questioning Delgado and then a rebuttal witness.  The court considered the jury "tainted" by the prosecutor's unanswered question of the rebuttal witness and found the prosecutor's purported conduct severe enough to warrant dismissal of the indictment with prejudice after granting a mistrial.

¶11        The superior court erred by dismissing the indictment with prejudice.  In ordering dismissal, the court found "there were a number of orders in this case that the parties were precluded from going into certain issues, specifically the defendant's prior employment . . . and we had a hearing before trial began in which that was precluded."  The record does not support this finding.  The court's order in limine precluded only evidence that Delgado had left his former employer after being accused of theft.  The state did not err in challenging Delgado's testimony that his employment change was voluntary, as it was a proper subject for cross-examination.  *See State v. Vargas*, 251 Ariz. 157, 171, ¶ 44 (App. 2021) ("[C]asting doubt on the credibility of witness testimony is a proper purpose of cross-examination.").  The court's order barring any evidence of Delgado's termination was issued only after the prosecutor questioned the rebuttal witness.

¶12        Although Delgado had moved to preclude all evidence of his previous dismissal, the court granted that motion only in part, twice (on the record and in its written order) limiting the preclusion to "the allegation of money being missing" from Delgado's previous employer.  It does not follow that the prosecutor was then barred from impeaching Delgado on his testimony that he left that employer because he was "looking for a change of pace," rather than because he had been terminated.  Because the prosecutor did not violate a court order soliciting such testimony, the prosecutor did not commit misconduct.

¶13        Nor was the fact that the prosecutor asked the unanswered question so inflammatory as to show intentional prejudicial and improper conduct.  In response to Delgado's testimony that he had left his former employment voluntarily, the prosecutor asked Delgado's victim employer if Delgado had left his former employment voluntarily.  The question appears to contemplate an answer of "yes," "no" or "I don't recall," not a

running narrative of why his former employment ended. The prosecutor was entitled to impeach Delgado. *See* Ariz. R. Evid. 607. Even if the unanswered question by itself justified a mistrial, an issue not challenged in this appeal, the court did not find (and the record does not support) that the asking of the unanswered question meant that justice required the charge to be dismissed with prejudice under Rule 16.4(d).

**¶14** "[A] motion for mistrial made by a defendant ordinarily will remove any bar to reprosecution except in circumstances 'attributable to prosecutorial or judicial overreaching.'" *State v. Marquez*, 113 Ariz. 540, 542 (1976) (quoting *United States v. Dinitz*, 424 U.S. 600, 607 (1976)); *accord McLaughlin v. Fahringer*, 150 Ariz. 274, 277 (1986). Because Delgado requested the mistrial and no prosecutorial misconduct supports a dismissal of the charge with prejudice, the superior court erred. *See State v. Adamson*, 136 Ariz. 250, 263 (1983) (upholding denial of mistrial where one improper question by prosecutor was not answered, was not part of a pattern by the prosecutor, and any harm was cured by instruction).

## CONCLUSION

**¶15** We reverse the order dismissing the indictment with prejudice and remand the matter for a new trial.



AMY M. WOOD • Clerk of the Court
FILED: AA