NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOHN ASHLEY JAMES, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent*.

No. 1 CA-SA 26-0072
FILED 05-04-2026

---

Petition for Special Action from the Superior Court in Mohave County
No. CR2025-01035
The Honorable Derek C. Carlisle, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Mohave County Public Defender's Office, Kingman
By Paul Amann
*Counsel for Petitioner*

Center for Rural American Justice, Chandler
By Celeste Robertson
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Chief Judge Randall M. Howe and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

¶1        Petitioner John Ashley James seeks special action review of the superior court's dismissal of criminal charges against him without prejudice. James sought dismissal with prejudice because the State reindicted him on the same charges after the superior court had earlier found him not competent and not restorable (NCNR). Because James has no speedy and adequate remedy by appeal, the court accepts jurisdiction. Because the superior court did not abuse its discretion when it dismissed the charges without prejudice, the court denies relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In 2020, the State indicted James for murder and related charges. In 2024, the superior court found James was NCNR. The superior court then conducted a jury trial under A.R.S. § 13-4521. After the jury found James to be dangerous (beyond a reasonable doubt by a jury), the superior court committed James to a "Secure State Mental Health Facility" so he could "receive education, care, supervision, and treatment to render the defendant either competent or non-dangerous under A.R.S. § 13-4521[.E]."

¶3        The problem, as the superior court recognized, is no such facility existed in Arizona at the time. The court affirmed the superior court's Title 13 order, which "compels his placement in a secure state mental health facility *when possible*." *State v. James*, No. 1 CA-CV 25-0192, 2026 WL 586095, at *3 ¶ 16, *8 ¶ 40 (Ariz. App. Mar. 3, 2026) (emphasis added).

¶4        Because no secure state mental health facility existed, the superior court civilly committed James to the Arizona State Hospital for treatment. In December 2025, while the above appeal was pending, the Hospital notified the State that it planned to discharge James because he would not benefit from ongoing treatment. The release notice did not say

whether James remained NCNR or dangerous. Based on the release notice, the State reindicted James for the same crimes as the 2020 indictment.

¶5 James moved to dismiss the new charges with prejudice. After a newly appointed prosecuting agency was appointed, the State moved to dismiss the charges without prejudice. The superior court heard from the parties, denied James's motion, granted the State's motion, and dismissed the charges without prejudice. James filed this special action asking the court to order the dismissal be with prejudice.

## SPECIAL ACTION JURISDICTION

¶6 James has no right to appeal the superior court's granting of a motion to dismiss without prejudice. *See State v. Kangas*, 146 Ariz. 155, 157 (App. 1985) (saying a defendant may challenge a dismissal without prejudice by special action); *State v. Paris-Sheldon*, 214 Ariz. 500, 508 ¶ 23 (App. 2007) (reasoning "the proper method" of challenging a dismissal without prejudice "was through a motion for reconsideration or petition for special action filed in" the dismissed case). Because James has no avenue to challenge the dismissal without prejudice by appeal, the court accepts special action jurisdiction.

## DISCUSSION

¶7 The court defers to the superior court's "explicit or implicit factual findings and will affirm as long as such findings are supported by reasonable evidence." *Roberts v. City of Phoenix*, 225 Ariz. 112, 119 ¶ 24 (App. 2010). The court will "not reweigh the evidence or reassess credibility issues on appeal." *Williams v. King*, 248 Ariz. 311, 317 ¶ 26 (App. 2020) (citing *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 597 ¶ 27 (App. 2007)) ("To the extent the parties presented facts from which conflicting inferences could be drawn . . . it was for the [superior] court, not this court, to weigh those facts.").

¶8 Both James and the State agree dismissal was appropriate. Rule 16.4, Arizona Rules of Criminal Procedure governs motions to dismiss criminal prosecutions. Under subsection (a), the superior court may grant the State's motion to dismiss without prejudice an indictment if the State shows good cause and the superior court finds "the dismissal is not to avoid Rule 8 time limits." Ariz. R. Crim. P. 16.4(a). The rub is whether the superior court should have dismissed the indictment with prejudice under Rule 16.4(d). Subsection (d) says, "Dismissal of a prosecution is without prejudice to commencing another prosecution, unless the court finds that

the interests of justice require that the dismissal to be with prejudice." Ariz. R. Crim. P. 16.4(d).

¶9    The superior court may not dismiss an indictment with prejudice just because the State reindicted a defendant found to be not competent and not restorable. Instead, the superior court must base a dismissal with prejudice on a reasoned finding "that to do otherwise would result in some articulable harm to the defendant." *State v. Wills*, 177 Ariz. 592, 594 (App. 1993) (vacating after determining court's perfunctory finding that interests of justice required dismissal with prejudice was unsupported by the record because of no articulable harm); *see also State v. Granados*, 172 Ariz. 405, 407 (App. 1991) (encouraging express record findings about the interests of justice and vacating after concluding the record did not support dismissal with prejudice). The defendant has the burden of establishing the articulable harm. *State v. Pecard*, 196 Ariz. 371, 378 ¶ 35 (App. 1999).

¶10    In reaching a dismissal decision, the superior court must "properly balance the conflicting interests involved, society's and the defendant's." *See State ex rel. Jenney v. Superior Court*, 122 Ariz. 89, 90 (App. 1979). In doing so, the superior court must consider "the relevant competing interests of the defendant and the state in light of the particular circumstances of each case." *State v. Huffman*, 222 Ariz. 416, 422 ¶ 15 (App. 2009). *Huffman* identified a lengthy, but nonexclusive, list of relevant considerations to weigh, including (1) the seriousness of the charges; (2) harm from the offense; (3) defendant's history, character, and condition; (4) the length of any pretrial incarceration or any incarceration for related or similar offenses; (5) the purpose and effect of imposing a sentence authorized by the offense; (6) the effect of dismissal on public confidence in the judicial system or on the safety and welfare of the community if the defendant is guilty; (7) prejudice to the defendant as the result of the passage of time; and (8) the defendant's feelings with respect to dismissal of the case. *Id.* at ¶ 14.

¶11    The most important factor is whether the delay in prosecution would result in prejudice to the defendant such that the dismissal would "actually hurt [the defendant's] ability to defend against the charges." *State v. Gilbert*, 172 Ariz. 402, 404–05 (App. 1991); *State v. Hannah*, 118 Ariz. 610, 611 (App. 1978). "[A] judge is required to actually weigh the factors that bear on the [prejudice]." *State v. Garcia*, 170 Ariz. 245, 248 (App. 1991). And then the superior court must determine whether "the interests of justice require that the dismissal be with prejudice" under Rule 16(d). If the superior court dismisses without prejudice but the court

concludes evidence may support a dismissal with prejudice, the court may vacate the judgment and remand for the superior court to conduct further proceedings on prejudice to the defendant. *State v. Penney*, 229 Ariz. 32, 36–37 ¶¶ 13, 19 (App. 2012) (affirming superior court finding police interfered with defendant's right to counsel but remanded for further proceedings to determine whether sufficient harm existed to dismiss with prejudice).

**¶12**     James leans heavily on language in the Arizona Supreme Court's *Carson v. Gentry*, ––– Ariz. ––––, 574 P.3d 205 (2025). In *Carson*, the Arizona Supreme Court interpreted the civil commitment statutes at issue here and said "the State does not have unfettered discretion to refile charges against an NCNR defendant." *Carson*, 574 P.3d at 216 ¶ 43. *Carson* identified 3 procedural safeguards limiting the State's ability to refile charges against an NCNR defendant like James. *Id.* at ¶¶ 43–45. First, the State must have reasonable grounds to believe the defendant may have regained competency before refiling charges. *Id.* at ¶ 43. Second, "Arizona law expressly allows any party—or the court on its own motion—to request a competency examination any time (even immediately) after the State files charges. *Id.* at ¶ 44 (citing A.R.S. § 13-4503.A). And third, "several institutional standards and norms disincentivize prosecutorial abuse." *Id.* at ¶ 45. "For example, prosecutors who repeatedly charge an NCNR defendant without legal justification risk case dismissal with prejudice and potential bar disciplinary proceedings. Moreover, as elected officials, county attorneys and the attorney general remain accountable to voters for unethical prosecutions." *Id.* at 216–17 ¶ 45 (citations omitted).

**¶13**     James's arguments fail here. The court cannot say the superior court abused its discretion. The Hospital's discharge gave the State at least some reasonable grounds to refile based on James's competence because the Hospital said James would not benefit from ongoing treatment and did not say James remained NCNR or dangerous. James could have requested a new competency hearing, but the State promptly moved to dismiss the new indictment once the prosecutor recognized James remained NCNR. And the State has not repeatedly indicted James, but instead brought just 1 subsequent indictment, which it promptly moved to dismiss.

**¶14**     At bottom, subsection 13-4521.F says "[i]f the factfinder finds that the defendant is dangerous and should be involuntarily committed, the court shall dismiss the charges against the defendant without prejudice and order the defendant to be committed to a secure state mental health facility." A.R.S. § 13-4521.F. The superior court did not err in dismissing without prejudice here.

## CONCLUSION

¶15        The court thus accepts jurisdiction but denies relief.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:     JT